232    APPELLATE COURTS OF ILLINOIS.

O'Connell v. Supreme Tent of the K. of M., 153 Ill. App. 232.

## Sarah J. O'Connell, Appellee, v. Supreme Tent of the Knights of Maccabees of the World, Appellant.

### Gen. No. 14,998.

1. FRATERNAL BENEFIT SOCIETIES—*when change of beneficiary becomes effective.* *Held*, that if a member and his beneficiary have done all that they could do to effect a change of beneficiaries in accordance with the by-laws of the society, that the legality of such change would not be affected by any neglect on the part of an officer of the society or by the fact that the certificate with the new beneficiary was issued post-dated the death of the member.

2. EVIDENCE—*when admission of affidavit for continuance containing hearsay, will not reverse.* If counsel has specifically consented to the introduction of an affidavit for a continuance containing hearsay, he cannot subsequently obtain a reversal upon the ground of the admission thereof.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 17, 1910.

H. H. C. MILLER and W. S. OPPENHEIM, for appellant.

M. H. HOEY, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from a judgment of $2350 rendered on the verdict of a jury. The action was *assumpsit* upon a benefit certificate issued by the defendant order upon the life of James O'Connell, the husband of plaintiff. The benefit certificate was originally issued to James O'Connell as a member of a subordinate lodge of defendant called D. P. Markey Tent No. 93, and was dated October 1, 1902, in which plaintiff and a brother of the member, Bartholomew O'Connell, were designated as beneficiaries. On August 11, 1903, James O'Connell endorsed on the back of this certificate a direction revoking his decision as to the beneficiaries named and designated the plaintiff, his wife, as sole beneficiary. On the same

day the certificate was delivered to one O'Donnell, record keeper of the local tent, with 50 cents as transfer fee, with directions to surrender the certificate to the Supreme Tent and have issued in its place a new certificate in which plaintiff should be designated as the sole beneficiary.  To this time all things required of the member by the by-laws and rules of the order for issuing a new certificate as requested by the endorsement of the old one had been done.  It seems that Mr. O'Donnell, the record keeper of the local Tent, died in August, 1904, without having forwarded to the Supreme Tent the O'Connell certificate.  This certificate came into the hands of his successor, William Geissler, who soon afterwards delivered the same to plaintiff and her husband, who received it in the belief that it was a new certificate naming plaintiff as, the beneficiary.  James O'Connell being seriously ill was taken to a hospital.  Dennis D. O'Connell learning that his brother James' life was despaired of and that his illness was likely to terminate fatally, bethought him of the benefit certificate of defendant and bestirred himself to see that the dues had been paid and that all things were in order so that no trouble might be encountered after James' death.  This led him to look at the certificate which he found in the possession of plaintiff, and he then made the discovery that the old certificate had never been surrendered to the Supreme Tent and a new certificate issued designating plaintiff as sole beneficiary.  On October 24, 1904, the old certificate was again given to the local tent record keeper with instructions to forward it to the Supreme Tent for the issuance of a new certificate and another transfer fee of 50 cents was paid to Geissler, the then record keeper.  The certificate in due time was forwarded to the Supreme Tent.  James O'Connell died on October 28, 1904, and the new certificate in suit was issued by the Supreme Tent dated October 31, 1904, three days after the death of James O'Connell.

Three propositions are argued for reversal: First,

that the certificate post-dating the death of the member O'Connell, no action can be maintained upon it. Second, that O'Connell's answer to questions in the application for membership that he had never had stricture and had never consulted a physician or had any disease of his urinary organs were untrue; that such answers were warranties, and being false vitiated the certificate. Third, the erroneous admission in evidence of an affidavit containing an opinion of Dr. Foreman based on hearsay evidence.

First. The by-law which sanctions change of beneficiary provides substantially that a change shall take effect "upon delivery to the record keeper of a tent of the life benefit certificate * * * with a written request for change therein* * *and the fee of 50 cents." If this by-law is to receive a reasonable interpretation, such as the language used is susceptible of, then it would seem to us that when plaintiff and her husband first delivered the original certificate with the request endorsed on it for change of beneficiary and paid the necessary fee to the record keeper of the tent in which O'Connell was a member, then the change was, according to this by-law, accomplished, and subsequent actions of the Supreme Tent or subordinate body in making the same apparent would relate back to that time and in legal effect be operative therefrom, and the rights of all concerned established as of that date. The *bone fides* of the conduct of the parties is nowhere challenged, nor that the designation of plaintiff as sole beneficiary was made as claimed by plaintiff and amply supported by the proof found in the record. This being so, the failure to procure a new certificate is in no way imputable to plaintiff or O'Connell, but to the neglect of duty of defendant's officer, the record keeper of the local tent, to do his duty, that duty which, in the circumstances of the delivery of the old certificate with its endorsement, required him to forward the same to the Supreme Tent for its issuance of a new certificate conforming to the revocation and designation endorsed

on the old one. If the change did not take effect at that time because of the return of the certificate to and its acceptance by plaintiff and her husband, surely when the certificate was again left by plaintiff with the local tent record keeper with the 50 cent fee four days before the death of her husband, with the request to forward the same to the Supreme Tent for the issuance by it of a new certificate conformable to the direction endorsed upon the old one, and it was so forwarded and the certificate in suit issued to and accepted by plaintiff, notwithstanding the date of such certificate is four days subsequent to the death of O'Connell, it must be held to have become effective from the day of the last delivery to the record keeper, which antedated the death of O'Connell by four days. The language of the by-law referred to in effect provided against a condition of the character which confronts us in this case, which but for the by-law might operate to nullify the wish of a member whose death intervened between the time when the certificate with endorsement and fee should be delivered to the record keeper of the local tent, and the issuing of the new certificate in its place by the Supreme Tent. This case is clearly distinguishable from Freund v. Freund, 218 Ill. 189. In the Freund case the right to change the beneficiary rested on the provisions of a state statute which was by that statute made a condition of every policy and directed to be incorporated in all policies. In the Freund policy such provision of the statute was inserted as a condition of the policy. By that statute a change could not become operative until sanctioned by endorsement upon the policy at the home office. Pending such transfer and endorsement the insured died. By the by-law of defendant the change of beneficiary takes effect upon delivery to the record keeper of a tent of the life benefit certificate with a written request for change thereon and the payment of fifty cents. These essential provisions of the by-law were fully met four days preceding O'Connell's death, and thereby the change was ac-

complished, and the new certificate when issued was evidence of that fact and related back to the time when the change was accomplished and as of that time must the rights, duties and obligations of the parties be adjusted.

Second. Defendant assumes that the answers which O'Connell made to questions contained in his application for membership, that he was in good health, had never had a physician or suffered from any diseases of the urinary or genital organs or from stricture, were false. Such assumption is based upon statements which O'Connell is said to have made to Dr. Foreman at a time when his mind was clouded from septic symptoms. O'Connell died of urethral stricture, and it is assumed from this fact that before the time of his application for membership he had suffered from some urinary or genital disease. Excluding the statement made to Dr. Foreman by O'Connell at a time when his mind was clouded, there is no evidence justifying such conclusion. The testimony of his wife and brother Dennis clearly repels any such assumption. In this condition of the testimony the fact was before the jury for solution, and with their determination we see no reason to disagree or cause for interposing our opinion in opposition to their finding. The cause was properly submitted to the jury, and the overruling of the motion of defendant to instruct a verdict in its favor was without error.

Third. We think defendant waived the objection to the admission of the affidavit of Dr. Foreman containing hearsay statements. When the court ruled against defendant's motion for a continuance its counsel said: "I also say that a part of it" (referring to the affidavit now objected to) "where he says he knows certain things because other persons have told him certain things, that is incompetent, but I am willing to allow the affidavit to go in so far as that is concerned." By thus consenting to the introduction of the affidavit the objection, now made, was waived.

Finding no reversible error in the record, the judgment of the Circuit Court is affirmed.

*Affirmed.*