Mary A. French *vs.* Provident Savings Life Assurance Society of New York, Ammon P. Richardson, claimant.

Suffolk.    March 18, 1910. — March 23, 1910.

Present : Knowlton, C. J., Hammond, Loring, Braley, & Rugg, JJ.

*Insurance,* Life, change of beneficiary.

A policy of life insurance contained the following provision : "This policy is issued with the express understanding that the assured may, with the consent of the society [the insurer] and provided this policy be not then assigned, change the beneficiary or beneficiaries at any time during the continuance of this policy, by filing with the society a written request, duly acknowledged, accompanied by this policy, in which case it is understood that such change will take effect upon the endorsement of the same on this policy by the society."  The insured, who was a married woman, caused her husband to be made the beneficiary under the policy.  Later she signed and acknowledged an application to the company to make the policy payable to her mother instead of to her husband, but was unable to find the policy, and was told by an agent of the company that the policy must be delivered to the company to complete the change of beneficiary by an indorsement thereon or that a certificate of the loss of the policy must be filed with the company.  She said that when she found the policy she would send it to the agent.  A few days later a blank for a certificate of loss of policy was mailed to her.  The agent kept the application of the insured for a change of beneficiary, and did not present it to the company until after the death of the insured.  The insured died more than four months after the making of such application, but never sent to the company either the policy or a certificate of its loss.  Shortly before her death she said that she had made out her life insurance to her mother.  In an action to determine whether the husband or the mother of the insured was the beneficiary under the policy at the time of the death of the insured, it was *held,* that the husband was such beneficiary, and that there was no evidence which would warrant a finding that there had been a change of beneficiary from the husband of the insured to her mother.

Contract on a policy of life insurance issued by the Provident Savings Life Assurance Society of New York, which company, as defendant, paid the amount in question into court, and was stricken out as a party to the action.  Ammon P. Richardson, the husband of the insured, who had filed a petition as claimant of the fund, was made a party.  The parties

claiming the fund were the plaintiff, Mary A. French, the mother of the insured, and Ammon P. Richardson, the husband of the insured, each claiming to be the beneficiary under the policy. Writ in the Municipal Court of the City of Boston dated October 9, 1908.

On appeal to the Superior Court the case was tried before *Fox,* J. The evidence showed that on or about September 9, 1905, the Provident Savings Life Assurance Society of New York made a contract of insurance on the life of Fannie A. French of Andover, wherein Mary A. French was made beneficiary ; that the policy contained the provision in regard to a change of beneficiary which is quoted in the opinion ; that on October 10, 1906, the insured, Fannie A. French, was married to Ammon P. Richardson of Andover ; that on December 1, 1906, there was a change of beneficiary under the contract of insurance from the mother, Mary A. French, to Ammon P. Richardson, the husband of the insured ; that this change was made in strict conformity with the conditions of the contract ; that the change was not known to the original beneficiary ; that on or about May 2, 1908, there was a valid execution of a requisition for a change of the beneficiary from Ammon P. Richardson back to Mary A. French ; and that the insured signed this requisition and delivered it to one Hinckley, an agent for the insurance company. The testimony of Hinckley was substantially as follows : That he was the general and soliciting agent for the insurance company at the time this policy was issued ; that he solicited the policy on the life of Fannie A. Richardson, and that it was duly issued to her with Mary A. French as beneficiary ; that he subsequently, at the request of the insured, completed the change of beneficiary from Mary A. French to Ammon P. Richardson ; that on or about May 2, 1908, in response to a request by letter, now lost, from the insured to him, he went to Andover for the purpose of completing another change of beneficiary from Ammon P. Richardson back to Mary A. French ; that the insured signed the required requisition form and acknowledged it before the witness as a notary, the acknowledgment showing the date of July 25, 1908, which date was omitted by the witness through mistake at the time and later was filled in incorrectly ; that it should have borne the date of May 2, 1908 ; that after the comple-

tion of the requisition the insured on looking for the policy was unable to find it, and after searching said that she could not find it but that when she found it she would send it to the Boston office; that she was told by the witness that the policy must be surrendered to complete the change, or that a certificate of lost . policy must be filed; that the requisition was taken to the Boston office of the company by the witness, and there remained until some time subsequent to the death of the insured, when it was forwarded to the home office of the insurance company, together with the policy. There was evidence tending to show that on or about May 7 a letter was sent to the insured enclosing a certificate for use in case of a lost policy to be filled out by the insured, together with a request to the insured so to fill it out and return it to the Boston office. The insured died on August 10, 1908.

Upon these facts the judge ruled that the intended change of beneficiary from the husband to the mother was ineffectual under the provision in the policy, and that the husband, Ammon P. Richardson, therefore was entitled to receive the fund. He ordered a verdict for the claimant, and reported the case for determination by this court. If his ruling was correct, the verdict was to stand; otherwise, such judgment or order was to be entered as this court should determine.

*C. J. Stone*, for the plaintiff, submitted a brief.

*L. C. Coggan*, for the claimant.

Rugg, J. The defendant issued a policy of insurance on the life of one Fannie A. Richardson, in which, previous to May, 1908, her husband, the claimant, had been made beneficiary. Thereafter she sent for an agent of the defendant and said to him that she desired to make the policy payable to her mother instead of her husband. On May 2, 1908, she signed and acknowledged the usual form for such change of beneficiary, but, being unable to find the policy, was told by the defendant's agent that the policy must be surrendered to the company to complete the change or a lost certificate be filed, and she said that when she found the policy she would send it to the agent. A few days later a blank certificate for a lost policy was mailed to her. The agent took with him and kept the request for change of beneficiary, but did not send it to the defendant until after the

death of the insured.   The defendant never received any certificate for lost policy nor was the policy itself surrendered for the completion of the change of beneficiary.   The insured stated shortly before her death on August 10, 1908, that she had made out her life insurance to her mother.   The clause in the policy as to change of beneficiary was as follows:

" This policy is issued with the express understanding that the Assured may, with the consent of the Society and provided this Policy be not then assigned, change the beneficiary or beneficiaries at any time during the continuance of this policy, by filing with the Society a written request, duly acknowledged, accompanied by this Policy, in which case it is understood that such change will take effect upon the endorsement of the same on this Policy by the Society."

The only evidence as to the knowledge by the defendant of the attempt of the insured to change the beneficiary was that it had at some time copies of the letter of its agent, dated May 7, 1908, to the insured, to the effect that it would be necessary for the company to have the policy in order to make the change of beneficiary, or the certificate for lost policy properly executed, and of a letter from its Boston cashier to the same agent stating that if nothing further had been done about the change of beneficiary the return of the application therefor was desired.

The single question presented is whether the mother or the husband of the insured is entitled to the insurance.   The husband was properly designated as beneficiary.   Did the acts of the insured amount to a change of designation in favor of her mother ?   It is to be observed that this is not a case where the insured had done all in her power to effect a change.   She did not return the policy to the company and she kept the certificate of lost policy more than three months without returning it to the company.   No reason is apparent for not doing one or the other, if she continued constant in her desire to change the beneficiary.   Nor is it a case where she had acted with despatch to accomplish the wished for result and her death has supervened before all the formalities have been complied with.   Nor did she make for a sufficient consideration a legal assignment of the policy and all rights under it, nor were there such changes in the relations between her and the beneficiary as to make it inequitable or

contrary to the rules of the defendant, or of a statute, for him to enforce his claim.   Moreover the defendant did not waive the provisions of the policy and accept the new designation as valid.   Apparently its responsible officers had no notice or knowledge of it until after the decease of the insured.   These circumstances, if present, would make a different case from that before us, where other considerations would need to be discussed. The provisions of the present insurance contract plainly pointed out the way in which the beneficiary might be changed; they were clearly called to the attention of the insured, and the means were placed in her hands for complying with them.   The signing of the request for such a change was, as she well knew, but one step, and that an indecisive one, in the process of substitution.   Her failure to perform the other acts necessary to complete the designation of a new beneficiary rendered what she had done wholly unavailing.   It was an incomplete attempt looking in that direction, which falls so far short of complying with the terms of the contract as to be of no effect.   The express stipulation was that the time when a change of beneficiary should go into effect was its endorsement upon the policy. *McCarthy* v. *New England Order of Protection,* 153 Mass. 314, 320.   *Clark* v. *Royal Arcanum,* 176 Mass. 468.   *Elsey* v. *Odd Fellows' Mutual Relief Association,* 142 Mass. 224.   *Daniels* v. *Pratt,* 143 Mass. 216.

In accordance with the terms of the report the verdict for the claimant is to stand.

*So ordered.*