# RELIANCE LIFE INSURANCE COMPANY

## vs.

## GALENA D. BENNINGTON.

*Foreign Decree—Effect—Insurance Policy—Change of Beneficiary.*

An adjudication by the court of another state, on a bill of interpleader filed by an insurance company to determine the beneficiary under a policy, to which proceeding an alleged assignee of the policy was not a party, is not effective in favor of the company in a suit by such alleged assignee in this State upon the policy.                                    p. 392

In the absence of a provision in the policy to the contrary, notice to the company is not necessary to validate an assignment of the policy.                                    p. 395

If the insured did all that lay· in his power to change the beneficiary, that he died before all the forms were actually complied with does not prevent effect being given to his intention.

pp. 395, 396

One was not estopped to claim as beneficiary under a life insurance policy by reason of the fact that she made a claim against the administrator of the insured for board and lodging furnished, and accepted a sum of money in settlement of such claim.                                    p. 397

*Decided January 12th, 1923.*

Appeal from the Circuit Court for Harford County, In Equity. (HARLAN, J.).

Bill by Galena D. Bennington against the Reliance Life Insurance Company of Pittsburgh, Pennsylvania. From a decree for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., THOMAS, PATTISON, STOCKBRIDGE, and OFFUTT, JJ.

*R. H. Archer, Jr.,* for the appellant.

*Philip H. Close,* for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

This cause was begun by a bill of complaint filed upon the equity side of the Circuit Court for Harford County. After some twelve recitals in the bill, it prayed that the Reliance Life Insurance Company of Pittsburgh should be decreed to deliver to the appellee, Galena D. Bennington, a certain insurance policy issued by said insurance company upon the life of Jennie A. Miller; that the said appellee should be decreed to be the beneficiary under said policy and entitled to the proceeds thereof, Jennie A. Miller having died, and for other and further relief.

The record is in some respects deficient, primarily in that the policy, referred to, does not appear in the record, which policy was the contract between the insurer and the insured, but the record does contain certain excerpts from the policy, the important ones of which in the present case are among the privileges, conditions and provisions embodied in the policy, and are as follows:

"Change of Beneficiary.—The insured, subject to any existing assignment of the policy, may designate a new beneficiary by filing written notice thereof at the home office of the company accompanied by the policy for suitable endorsement thereon. If any beneficiary shall die before the insured and the insured shall not have designated a new beneficiary, the interest of such beneficiary shall be payable to the insured, her executors, administrators or assigns."

"Assignments.—No assignment of this policy shall be binding upon the company until it be filed with the company at its said home office. The company assumes no responsibility as to the validity of any assignment."

The answer of the insurance company avers that, at the time of her death, Jennie A. Miller was a resident of Mathews

County, Virginia; that administration upon her estate had been taken out both in Virginia and Maryland, and alleges that suits had been brought to recover on the policy by both the Virginia and Maryland administrators, and for that reason the plaintiff had filed a bill of interpleader in Mathews County, Virginia, "where the rights of all conflicting claims may be heard and justly determined."

At the time of the filing of that bill, and for some time prior thereto, the appellant had knowledge of the fact that Miss Miller had designated Mrs. Bennington as beneficiary of the policy and, for the purpose of giving this effect, had executed an assignment of the policy to her, yet the bill of interpleader does not make Mrs. Bennington a party to that suit or even set out the fact of the assignment.

In the brief filed by the appellant, much reliance is placed upon the fact that the Virginia court had by its decree awarded the fund, deposited under the bill of interpleader with the clerk of the court of Mathews County, thereby relieving the defendant of all further liability. But even if it had been, the jurisdiction of the Virginia court could not extend beyond the state, as was fully set out, and the reason for it given, in the *Expressmans' Association* v. *Hurlock,* 91 Md. 595. This contention of the appellant is therefore entirely obviated and needs no further consideration in this case.

As to the fact of residence, the following appears from the record: When Jennie A. Miller was about twelve years of age, she was taken from a charitable institution in Baltimore where she had been placed, and given a home with Mrs. Duncan, the mother of Galena D. Bennington. She continued to live there for approximately ten years and from that time on spent a portion of the time in Virginia and a portion in Maryland. In the year 1918 she seems to have tired of her surroundings in Virginia, and determined to transfer her residence to Maryland, as appears from a letter written to Mrs. Bennington on the 27th of October of that year. That letter is as follows:

"Foster P. O., Mathews, Va., Oct. 27th, 1918.

"My dear sister Galena and all:

"I will try to drop you a few lines I have bin very sick but am up again today is a dull day I have not gotten to church as I thought to as this afternoon is rainy we have had a lovely fall so nice and warm. I hope the nice weather will last a while longer but I am afraid the good weather is over. Well, dear Galena I am trying to get things straight—too come to see you all. It is a lot of trouble to get rid of so many things on a farm at this season of the year but I cannot stand work on a farm any longer and I cannot stand to stay alone. Sidney is home here trying to get things fixed for me he has such a set of troublesome lot of people to get on with. I cannot stand some people while I was sick Miss Jennie left me but did not want to leave my house I would not stand that she is with them now. Galena will it be all right for me to come there and bring enough things to go in my room the piano is so very heavy I will leave that here with Sidney as he will live here. I have a nice white marble slab set I would like to save for my room. I will only save three pieces. Please write soon as you get my letter as I am in a hurry as Sidney cannot leave his work and I want to get straight this week will it be best to save my feather bed I have too very large ones I thought I would only save one they are good new feathers and pillows and bolsters all are large and heavy well I must close write soon I wish I was there now.

"Good-bye,

Daisy."

In addition to this, it also appears from the evidence that Miss Miller did remove quite a number of articles of furniture belonging to her from Mathews County, Virginia, to Harford County, Maryland, and that they were there at the time of her death, and it is further testified to that she expressed her purpose to take up her residence in Maryland,

abandoning that in Virginia. This expressed intention, together with her act in the removal of her furniture, constituted strong evidence to show that at the time of her death she was a resident of Harford County.

On the 13th of January, 1919, Miss Miller wrote to the insurance company the following letter:

"Fawn Grove, York Co., Pa., January 13th, 1919.
"Reliance Life Insurance Company of Pittsburgh,
    Pennsylvania.
"Dear Sirs:

"My life insurance policy, which is hereto inclosed made payable to myself, I wish to have it made payable to Galena D. Bennington of Harford County, Maryland. I hereby assign the said policy to the said Galena D. Bennington. Please make the change and return policy to her.

"Respectfully,
                    "Miss Jannie Aster Miller.

"P. S.—My address at present is: Miss Jannie Aster Miller, Fawn Grove, Pennsylvania, R. F. D. No. 1.

"The address of my beneficiary is as follows: Mrs. Galena D. Bennington, Fawn Grove, Pennsylvania, R. F. D. No. 1. I do not live in Virginia now at all, but address now Fawn Grove, Pennsylvania, R. F. D. No. 1."

This letter, together with one of January 17th, as testified to by witness on behalf of the company, was received at the same time as that of January 13th, but no reply was made until January 23rd, or five days after its receipt and, in the interval, between January 17th and January 23rd, Miss Miller had died.

In her letter of January 13th, Miss Miller requests, as she had the right to do, that a change be made in the beneficiary under her policy in favor of Mrs. Bennington, and then proceeds to assign the policy to her. While a change of beneficiary in a policy of insurance and an assignment of the policy are not necessarily the same in their legal conse-

quences, yet in a case like the present, the effect is the same, and the difference becomes one of form, not of substance. Be that as it may, the insurance company did nothing until the 23rd of January, when they enclosed to her a blank form of assignment of a policy. Of course this was never executed by Miss Miller, she having died in the interval, and, not-withstanding what she said in her letter of January 13th: "I hereby assign the said policy to the said Galena D. Ben-nington," the company took no action whatever.

The facts in this case have been recited somewhat at length, so as to show that Miss Miller had complied with the ex-pressed conditions contained in the policy when she had for-warded to the home office of the company a written notice, together with the original policy, which in due course of mail must have been received by the company some time before her death. In the extracts from the policy as given, there was no condition or requirement of any assent to be given by the company, either as to change of beneficiary or assignment of the policy, and the cases are abundant that "in the absence of a provision in a policy to the contrary, notice to and consent by the insurer are not essential to render an assignment thereof effective." 14 *R. C. L.* page **1005**; and in the same volume, 14 *R. C. L.* page 1392, it is said: "While it is true as a general rule, as stated in the preceding paragraph, that a change in beneficiaries cannot be made except by a sub-stantial compliance with the regulations of the society, yet courts of equity recognize exceptions to this general principle. Equity does not demand impossible things, and will consider as done that which should have been done, and, when a mem-ber has complied with all the requirements of the rules for the purpose of making a substitution of beneficiaries within his power, he has done all that a court of equity demands."

The question involved in this case, and upon which it must turn, has lately been before this Court in the case of *Daly* v. *Daly,* 138 Md. 155, 161, where, in a very full and ex-haustive opinion by JUDGE THOMAS, it is said: "Where the certificate or policy of insurance issued to the insured ex-

pressly reserves to him the right to change the beneficiary
named therein, whatever interest the beneficiary has in the
certificate or policy is subject to that right of the insured, and
where the contract of insurance, or, in case of benefit societies,
the policy, constitution or by-laws of the association prescribe
the manner in which the change of beneficiary shall be made,
such requirements must be followed by the insured in order to
effect the change desired. These principles are generally
recognized and are in accordance with the decisions in this
State."

In that opinion the Court cites and approves the case of the
*Supreme Conclave, Royal Adelphia,* v. *Capella,* 41 Fed. Rep.
1, where it is laid down that there are three exceptions to
the general rule requiring exact compliance with the regula-
tions in regard to the manner in which a change of bene-
ficiary shall be made. The third of these is: "Third.—If
the insured has pursued the course pointed out by the laws of
the association, and has done all in his power to change the
beneficiary, but, before the new certificate is actually issued,
he dies, a court of equity will decree that to be done which
ought to be done, and act as though the certificate had been
issued."

A case closely in point is that of *Berkley* v. *Harper,* 3 App.
D. C. 308, in which the opinion was written by CHIEF JUS-
TICE ALVEY, formerly of this Court, and where he says:

"Upon the evidence in this case no doubt can exist as to the
intention of Wood, the member. He intended to change the
beneficiary in the certificate of membership, and he did all in
his power to accomplish that purpose. He did not live long
enough to have all the forms prescribed actually complied
with; but the particulars in which the defect existed were
purely of a formal nature, and such as the order could and
did properly dispense with. The revocation and new appoint-
ment were substantially made; and it was the right of the
member to have the substituted certificate issued as he di-
rected, and though death interposed before all the forms

could be complied with, the right of substitution of beneficiary previously exercised was not lost."

Following the death of Miss Miller, her brother, Sydney D. Miller, appeared in Harford County and, as administrator appointed in Virginia, made a demand for the effects of Miss Miller, then in the possession of Mrs. Bennington, and she surrendered them to him. At the same time, apparently, she presented a claim of $100 for the care and nursing of the deceased, and upon his statement that he did not have that amount with him to pay her, she accepted $50 in settlement of her claim. This cannot, however, be taken to operate as any estoppel against Mrs. Bennington. Her claim apparently was for board and nursing during the last illness of Miss Miller, and was, therefore, a matter entirely independent of giving her the status of beneficiary under the policy or as an assignee.

The form of assignment of a policy sent by the company, addressed to Miss Miller, provided for its execution before a notary public, which was, of course, impracticable at the time of its receipt, nor was there anything in the conditions of the policy which necessarily rendered this obligatory upon the insured, so far as the terms of the policy were concerned.

At the time when Miss Miller sent the letter, January 13th, she enclosed with it the original policy in order that the proper change might be made therein, and thereby fully complied with every requisite contained in the policy. In this condition no error can be ascribed to the Circuit Court for Harford County, and the decree appealed from must be affirmed.

*Decree affirmed, the appellant to pay the costs.*