MARIE GOODRICH, APPELLEE, V. EQUITABLE LIFE ASSURANCE SOCIETY, APPELLANT.

FILED FEBRUARY 13, 1924.    No. 22624.

Insurance: CHANGE OF BENEFICIARY. Where the terms of a policy of life insurance are not before the court, and the statute provides that a change of beneficiary may be made by the insured with the consent of the insurance company, and where the insured has properly filled out and signed a request for a change of beneficiary on blanks furnished to him for that purpose by the company, and delivered the same to an agent of the company whose duty it is to forward the same to the company, and where through the fault of the agent the request for change of beneficiary is not received by the company at its home office till after the death of the insured, and where the company has recognized the change and paid the new beneficiary, the change will take effect, even though the formal details of consent are not complied with by the insurer before the death of the insured.

APPEAL from the district court for Douglas county: CARROLL O. STAUFFER, JUDGE. Reversed.

Gurley, Fitch & West, for appellant.

Macfarland & Macfarland and Gray & Brumbaugh, contra.

Heard before MORRISSEY, C. J., LETTON, DEAN and DAY, JJ., SHEPHERD, District Judge.

DAY, J.

The plaintiff, Marie Goodrich, brought this action against the Equitable Life Assurance Society upon a certificate or policy of insurance issued by the defendant upon the life of Rollo M. Goodrich, in which, it is alleged in the petition, the plaintiff was the beneficiary. At the conclusion

of the testimony both parties to the action moved the court for a directed verdict in their favor. Thereupon the court, as sanctioned by our practice, discharged the jury, and upon due consideration found the issues in favor of the plaintiff, and entered judgment for $1,068, and in addition thereto interest in the sum of $193.43. From this judgment the defendant appeals.

The petition alleged in substance that on or about January 1, 1917, the Union Pacific Railroad Company entered into a contract with the defendant whereby certain life, accident and health insurance was provided for a group of employees of the railroad company, without any expense to the employees; that Rollo M. Goodrich, an employee of the railroad company, was eligible for insurance under the contract between the railroad company and the defendant; that he made out an employee's statement, setting forth his name, age, class of employment, and designating Marie Goodrich, his wife, as the person to be named in his beneficiary certificate; that the employee's statement was sent by the railroad company to the defendant, and in due course of time a certificate was issued to Goodrich, providing, among other things, that, in the event of his death while the certificate was in force, a sum equal to one year's wages would be paid to Marie Goodrich, the beneficiary; that Goodrich died October 20, 1918, while under the protection of the policy; that due proof of death was made; that the certificate had been surrendered to the defendant, and for that reason the plaintiff was unable to set out a copy of the certificate; that there was due and unpaid on the certificate $1,068, with interest, for which sum, together with an attorney's fee, plaintiff prayed judgment.

The answer is in the nature of a confession and avoidance. By way of avoidance, it is alleged in substance that, under the terms of the contract and certificate, the insured had the right to change the beneficiary; that on October 12, 1918, the insured signed a notice for a change of beneficiary on a blank form provided by the defendant for that purpose, in which he requested the name of the beneficiary to

be changed from Marie Goodrich, wife, to Maggie A. Goodrich, mother; that he caused the notice to be delivered to the Union Pacific Railroad Company for its approval, and that the same was approved by the proper officers of the railroad company; that Goodrich died October 20, 1918; that proof of death was made by Maggie A. Goodrich, who made claim for the amount due as beneficiary; and that the defendant in good faith paid to her the full amount due under the certificate.

The reply denied the matter of defense alleged in the answer, and specially denied that the defendant had given its consent to a change in the beneficiary during the lifetime of the insured. The reply also pleaded that the contract was made in New York; that under the New York statutes a change could be made in the beneficiary with the consent of the corporation or association issuing the policy. This part of the reply may be dismissed from consideration, because no proof was offered in support thereof.

Under this state of the pleadings, it was incumbent upon the defendant to show that the insured had the right to change the beneficiary, or that the right existed as a matter of law, and also that the change had actually been made.

A brief reference to the facts at this time will disclose how the controversy arose. In the summer of 1918 Goodrich and his wife, the plaintiff, became estranged, culminating in a divorce action instituted by Goodrich. His wife filed a cross-petition, in which she also prayed for a divorce. This action was pending and undetermined at the time of the death of Goodrich, which occurred on October 20, 1918. On October 12, 1918, Goodrich procured a blank form for change of beneficiaries in certificates, from the railroad company, which he filled out. When introduced in evidence, the notice was as follows:

"Group Insurance. Notice of Change of Beneficiary.

"The Equitable Life Assurance Society of the United States is hereby requested to make the following change in the society's records of our employees' group policy. Individual certificate No. U. P. 8002, beneficiary to be

changed from wife, Marie Goodrich, to Maggie A. Goodrich (Relationship to Insured), mother.

"Dated Oct. 12, 1918.

"Approved, J. P. Carey, Supt. (Employer) Union Pacific Railroad.

"(Signature of Insured) Rollo M. Goodrich."

The company recognized Maggie A. Goodrich as the rightful beneficiary, and paid to her the full amount of the policy.

We come now to consider the question whether the record is sufficient to show that the insured had the right to change the beneficiary named in the policy, and, if so, did he make the change? Usually in cases of this character the right of the insured to change the beneficiary depends upon the language of the contract. In the early history of life insurance, as disclosed by the decisions of the courts, the policies contained no provision reserving to the insured the right to change the beneficiary, and in construing such contracts it was almost universally held that the beneficiary had a vested interest in the policy, and that a change of beneficiary could not be effected by the insured without the consent of the original beneficiary. The more modern policies of life insurance, however, contain provisions reserving to the insured the right to change the beneficiary, but frequently requiring the consent of the company. The statutes of many of the states give to the insured the right to change the beneficiary with the consent of the company. In the case before us, for some reason not apparent, the policy in suit was not introduced in evidence by either of the parties, so that we are not advised as to its provisions relating to a change of beneficiary, except as the inference may arise from testimony introduced, and the provisions of our statute in relation thereto. The admissions in the answer were probably sufficient to relieve the plaintiff of the necessity of offering the policy as a part of her case. Since the policy is not before us, we think that our statute with regard to the right to change the beneficiary must be read into the policy as a part of the contract. Section

7897, Comp. St. 1922, relating to life insurance policies payable in instalments, provides, in so far as applicable to the present question, as follows:

"Any person holding a policy in any such company may, without the consent of the beneficiary, unless the appointment of such beneficiary be irrevocable, * * * or with the consent of the company, he may change his beneficiary."

It sufficiently appears that the payments to be made under the policy were to be paid in quarterly instalments, so that the statute above quoted is applicable to the present policy. By plain terms the statute gives the right to the insured to change the beneficiary with the consent of the company. That the appointment of the beneficiary was not irrevocable, we think sufficiently appears in the record. It is shown that the employees of the railroad company were frequently making changes in the beneficiaries in their certificates, which were attended to by the railroad company. The blank form furnished by the insurance company for the purpose of making the change of beneficiary clearly indicates that the insurance company regarded the right to be reserved in the insured. The blank form recites, "with the right reserved by the insured to change the beneficiary." There is no dispute but that the insured signed the request for a change of beneficiary in his policy. Under the statute above quoted, it was not necessary that the insured should secure the consent of the first named beneficiary. The latter had no vested interest in the policy which would prevent a change of beneficiary.

Was the change made with the consent of the company? As above pointed out, the request for a change of beneficiary was signed by the insured on October 12, 1918. This notice came into the possession of the railroad company. How or when the railroad company received it is not disclosed. It is clear, however, that the proper officers of the railroad company had the notice in their possession, because the change of beneficiary was approved by the proper officer of the railroad company. The clerk who wrote the name "J. P. Carey" on the notice testifies that he had no

recollection whatever as to when or how the notice came into the possession of the railroad company. There was some suggestion that it might have been given by interested parties to the railroad company after the death of Goodrich. In the absence of proof, the court will not presume bad motives or bad faith. As the instrument was dated October 12, we think we might indulge the presumption that it was approved by the railroad company on that date, notwithstanding that the date is in Goodrich's handwriting. If we are to indulge in presumptions, in the absence of explanation, we think that we should presume that the notice was timely received, and the approval timely made. The testimony shows that it was the custom of the railroad company after approving the notice for change of beneficiary to send it to the defendant company on the same day it was approved, but beyond this custom the evidence throws no light upon when the notice was forwarded to the defendant. There is a letter in evidence from the defendant company which indicates that the notice was not received at the New York office until November 18, almost one month after the death of Goodrich. The record also shows that the Union Pacific Railroad Company maintained an insurance bureau to attend to the business of the insurance of its employees. No employee had any direct communication with the defendant company. In case an employee desired to change the beneficiary in his certificate, he secured a blank form from the railroad company which was furnished by the defendant company. After filling out these blanks the custom was to deliver the same to the railroad company, who, after noting their approval thereon, would send them to the defendant company. Under these circumstances it seems to us that the railroad company must be considered as the agent of the insurance company. From the entire record it appears that the insured did all he could do to effect the change in his beneficiary. The notice was made out, was given to the agents of the insurance company, and the delay in promptly forwarding it was occasioned by the agents of the defendant. Where a notice

of a change of beneficiary has been given, and the insured has done all that is required of him to do, and the company has had a reasonable time in which to make the change but fails to do so, the insured may not be deprived of his right to make the change by the neglect of the company to perform a ministerial act. This principle was recognized in *Adams v. Police & Firemen's Ins. Ass'n*, 103 Neb. 552.

In most of the cases where the question now being considered is discussed, the decision turns upon the precise wording of the contract. In some of these cases where the insured has not an unconditional right to change the beneficiary, and the language used seems to require that some exercise of judgment on the part of the company is essential to the change of beneficiary, it is held that, notwithstanding the insured may have done all that is required of him, but dies before the insurer's consent is given, the change of beneficiary is not effected. The question in each particular case, therefore, is ordinarily whether the acts required on the part of the company are essential parts of the contract, or mere ministerial and formal details. A few cases in which the question above indicated is discussed, are: *Adams v. Police & Firemen's Ins. Ass'n*, 103 Neb. 552; *Supreme Conclave, Royal Adelphia v. Capella*, 41 Fed. 1; *John Hancock Mutual Life Ins. Co. v. White*, 20 R. I. 457; *State Mutual Life Assurance Co. v. Bessett*, 41 R. I. 54, L. R. A. 1918-C, 961; *Thomas v. Locomotive Engineers' Mutual Life & Accident Ins. Ass'n*, 191 Ia. 1152; *Wooten v. Order of Odd Fellows*, 176 N. Car. 52; *Daly v. Daly*, 138 Md. 155; *Mutual Life Ins. Co. v. Lowther*, 22 Colo. App. 622; *Quist v. Western & Southern Life Ins. Co.*, 219 Mich. 406; *Reid v. Durboraw*, 272 Fed. 99.

From a consideration of the entire record, it seems clear to us that it was the intention of Goodrich to change the beneficiary in his policy. To accomplish that purpose he did everything that he could do that the policy and the custom of transacting the business required of an insured to change the beneficiary. His wish should not be defeated through the fault of the company's agents to properly

transmit his request for a change of beneficiary to the company. The consent of the company to the change was a purely formal matter. It did not call for the exercise of judgment as to whether it would assent to the change. No doubt the purpose of the consent of the company to a change of beneficiary was to enable it to keep a proper record of its policies. In this discussion we have rather assumed that the conditions of the policy were in conformity with our statute. When the policy itself is introduced a different situation may be presented. In the present state of the record, however, we hold that the failure of the company to consent to the change of beneficiary, this having been occasioned by the neglect of its agents, cannot be urged by the company or by the original beneficiary to defeat the wish of the insured.

We think there should be a new trial of the case. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.