In the Matter of the Estate of Thomas Lynch, Deceased.

Surrogate's Court, Kings County, November 23, 1929.

*Goodstein, McNamara & Kavanagh*, for the petitioners.

*Charles R. Mullin*, for the respondent.

WINGATE, S. This is a proceeding brought under section 205 of the Surrogate's Court Act by the administrators of the estate of Thomas Lynch, deceased, who claimed to be entitled, as such administrators, to the proceeds of two policies of insurance upon the life of decedent, one an industrial policy for $300 in the John Hancock Mutual Life Insurance Company (No. 5,370,828), and the other a group insurance policy for $1,000 in the Travelers' Insurance Company of Hartford, Conn. (No. 30-N-W-7627). The respondent interposed an answer, alleging a gift thereof by decedent to respondent during decedent's lifetime, and claiming title to said policies and to the proceeds thereof. It is conceded that, if respondent is not entitled to these policies nor to the proceeds thereof, the proceeds are payable to decedent's estate. The administrators contend that no change of beneficiary was accomplished with respect to the policy of insurance issued by the John Hancock Mutual Life Insurance Company, due to the fact that no indorsement to that effect was made upon the policy by the insurance company. All of the requirements relative to a change of beneficiary had been complied with by the decedent prior to his death, except the surrender of the policy to the company for its indorsement. The testimony presented upon the hearing established that this policy had been lost during the decedent's lifetime. It is my opinion from the proof presented that a change of beneficiary was effectuated, and that respondent is entitled to the proceeds of this policy. The decedent had substantially complied with the requirements for a change of beneficiary. He did all that lay within his power to effect such change. The indorsement by the insurance company was for the benefit and protection of such company. No new rights were created thereby; " that action simply gave the proper written evidence to the beneficiary of the existence of those rights which had, in fact, accrued before the formal issuing of such written evidence." (*Luhrs* v. *Luhrs*, 123 N. Y. 367, 375.) (See, also, *Lahey* v. *Lahey*, 174 N. Y. 146; *Schoenholz* v. *New York Life Ins. Co.*, 234 id. 24; *Donnelly* v. *Burnham*, 86 App. Div. 226; *Hall* v. *Prudential Ins. Co. of America*, 132 Misc. 162.) The testimony with respect to the policy of insurance issued by the Travelers' Insurance Company of Hartford, Conn., established a parol assignment thereof by decedent to respondent. (*Marcus* v. *St. Louis Mut. Life Ins. Co.*, 68 N. Y. 625; *Olmsted* v. *Keyes*, 85 id. 593; *Holleran* v. *Prudential Ins. Co. of America*, 172 App. Div. 634.)

I find, therefore, that the respondent is entitled to the proceeds of both of these policies of insurance. Settle decree on notice accordingly.