## PRUDENTIAL·INS. CO. OF AMERICA v. MOORE et al.

## MOORE v. MOORE.

### No. 8578.

Circuit Court of Appeals, Seventh Circuit.
Nov. 13, 1944.

Rehearing Denied Dec. 18, 1944.

Writ of Certiorari Denied Feb. 26, 1945.

See 65 S.Ct. 686.

Euclid Louis Taylor, of Chicago, Ill. (Patrick B. Prescott, Jr., and A. M. Burroughs, both of Chicago, Ill., of counsel), for appellant.

Leo G. Hanna, E. B. Henslee, and Paul Brown, all of Chicago, Ill., and Thomas Lewis, of Atlanta, Ga., for appellee.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

This appeal is from a judgment which awarded appellee, Ionia Moore, the amount recoverable on two insurance policies written on the life of St. Clark Moore, who died August 14, 1942. The insurance company instituted this suit. It admitted liability on both policies and sought a judicial determination of which one of two claimants should receive the money. These two claimants were the widow of the insured, the appellant herein, who was named as beneficiary in both policies, and the mother of the insured, who bases her claim on an asserted change in the beneficiary made a few days before the insured died. The controverted issue is therefore restricted to an inquiry into the validity of the asserted change in beneficiary.

The District Court found that there was a valid, effective change of beneficiary made August 10, 1942.

The Facts. The insured held two policies in the Prudential Insurance Company, which were taken out June 18, 1942, through the Pullman Company, for which insured worked. He designated his wife, Julia, as beneficiary in both policies. He was shot by said Julia on August 6, 1942, and as a result thereof he died eight days later, on August 14, 1942. Appellant claims that her shooting of her husband was accidental. However, insured sought

to change the beneficiary immediately thereafter. On August 10th, he signed the necessary application, aided by a representative of the Pullman Company, and sent it to the insurance company, which in turn made a certificate noting the change of beneficiary, which certificate bore date August 15, 1942—one day subsequent to the death of the insured. The certificate and the policy were retained by the company.

It is thus apparent that our determination of this appeal turns upon our answer to the query,—Did the insured change his beneficiary before he died?

Appellant argues that he did not, and advances three reasons: (1) Undue influence had been brought to bear upon insured which caused him to make the attempted change. (2) The insured was of unsound mind at the time he executed the application for a change of beneficiary, and the signature was not his. (3) No certificate of change of beneficiary had been furnished by the insurance company before insured's death—a policy requirement to a valid change of beneficiary.

█ On the two factual issues,—undue influence and mental incapacity, the court, a jury having been waived, found that the signatures on the applications were those of the insured; that he was competent to make the change, and in the full possession of all his faculties; that he was under no duress or undue influence and "the act of making the change of beneficiary was deliberate and of his own volition."

It would be of no particular benefit to review all the testimony upon which these findings were made. The appellant stated that her husband realized and stated that her shooting of him was accidental, and that he retained his great affection for her, in spite of the careless gun play but was overpersuaded by others while he lay in the hospital, sick, weak, and delirious.

The extent of the conflict in the testimony is shown by the testimony of two doctors. One said:

"Q. Did you see St. Clark Moore on August 10 when you got there? A. I did.

"Q. Did you talk to him? A. No, he was delirious; he was unable to talk.

"Q. What did you say to him? A. I told him—I said, 'This is your doctor, Dr. Clemons.' He didn't recognize me."

The other physician testified:

"Q. Were you in attendance on him August 10? A. Yes, sir.

"Q. Did you remember on that morning seeing a Dr. Clemons at the hospital? A. That is right.

"Q. Did you see him at the bedside of the patient, St. Clark Moore? A. Yes, we went up to the room where he was.

＊　　＊　　＊　　＊　　＊　　＊

"Q. What was the condition of St. Clark Moore when you and Dr. Clemons saw him? A. It was good; the man was perfectly normal.

"The Court: Q. This is the morning of August 10?

"A. That is right. * * * The man was perfectly normal. * * *

"Q. Was the patient delirious? A. No, no reason for him to be."

Several witnesses, more or less disinterested, including the employee of the Pullman Company who brought to the hospital the application for a change of beneficiaries and attended to its execution and witnessing,—all affirmed the soundness and normalcy of insured's mind when he executed the document in question. They all said they saw him sign it.

Upon this record we accept the findings of the district judge.

Much more serious is the question which is raised by the provision in the policy, which we quote: "The Beneficiary may be changed in accordance with the terms of the Policy by said employee at any time while the insurance on his or her life is in force by notifying the Company through the Employer. Such change shall take effect when due acknowledgment thereof is furnished by the Company to such person insured and all rights of his or her former Beneficiary or Beneficiaries shall thereupon cease."

The proof fails to show the company acknowledged, *to the insured,* its change in the beneficiary.

The most that can be said from the record before us, is that the insurance company, without knowledge of the death of the insured, attached acknowledgments of a change in beneficiary, to each policy and retained both policies and acknowledgments.

Passing on the necessity of the company's notifying the insured of its rec-

ognition of a change in beneficiary before the change is effective, the courts of the land have spoken rather frequently. From a study of these decisions, we find the following statement to have the support of the great weight of authority.[1]

█ A change of beneficiary may be accomplished without a strict or complete compliance with the conditions of the policy regarding the endorsement of the insurer. The endorsement of a change of beneficiary by an insurer is purely a ministerial act which the company can not refuse to perform and a failure on its part to perform such act will not defeat the change, if the insured has done everything within his power to effect a change.

Appellant argues that the Illinois Supreme Court is an exception in this field and holds insured to a strict compliance of the policy requirement. It is because of appellant's urge that the Illinois Supreme Court does not subscribe to the foregoing statement of the law, that this question becomes a serious one.

Upon the authority of Freund v. Freund, 218 Ill. 189, 75 N.E. 925, 928, 109 Am. St.Rep. 283, it is argued that a change in beneficiary may not be made without the consent of the insurance company. Further, no change is effective unless such consent be given and is evidenced as the policy designated. Reliance is upon this language of the court:

"* * * Inasmuch, * * * as the provision of the New York statute thus quoted is by implication a part of the policy or contract, this policy is to be regarded as one which requires the consent of the company to the change, the same as though the provision of the statute was written into the policy itself. * * * The proof in this case shows clearly and without dispute, that the company never did give its consent to the change of the beneficiary * * * and that the company never did make the indorsement required by the contract upon the policy * * *. Therefore the change did not take effect.

"* * * We are, therefore, of the opinion that the change of the beneficiary could only be made with the consent of the company and in the manner pointed out by the statute and by the insurance policy. This was not done in the present case."

Another case cited by appellant is Mc-Eldowney v. Metro. Life Ins. Co., 347 Ill. 66, 68, 179 N.E. 520. Both of these cases are somewhat distinguishable. In the Freund case the court relied heavily upon the existence of a New York statute which it believed made consent of the insurance company necessary before a change in beneficiary could occur. In the McEldowney case it was not perfectly clear that the insured *intended* to change the beneficiary. He had not made the formal change of beneficiary on the blank submitted by the company.

[1] McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A.L.R. 761; State v. Tomlinson, 16 Ind.App. 662, 45 N.E. 1116, 59 Am.St.Rep. 335; Barrett v. Barrett, 173 Ga. 375, 160 S.E. 399, 78 A.L.R. 962; Reliance Ins. Co. v. Bennington, 142 Md. 390, 121 A. 369; Daly v. Daly, 138 Md. 155, 113 A. 643; New York Life Co. v. Cook, 237 Mich. 303, 211 N.W. 648; Brajovich v. Metro. Life, 189 Minn. 123, 248 N.W. 711; Mutual Life Ins. Co. v. Burger, Mo. App., 50 S.W.2d 765; State Mutual Life v. Bessett, 41 R.I. 54, 102 A. 727, L. R.A.1918C, 961; Wyatt v. Wyatt, Tex. Civ.App., 63 S.W.2d 268; Sun Life Assur. Co. v. Sutter, 1 Wash.2d 285, 95 P.2d 1014, 125 A.L.R. 1089; Novosel v. Sun Life, 49 Wyo. 422, 55 P.2d 302; Navassa Co. v. Cockfield, D.C., 244 F. 222; Reid v. Durboraw, 4 Cir., 272 F. 99; Brown v. Home Life Co., D.C., 3 F.2d 661, 78 A.L.R. 974; Johnston v. Kearns, 107 Cal.App. 557, 290 P. 640; Mut. Life v. Lowther, 22 Colo.App. 622, 126 P. 882; Begley v. Miller, 137 Ill. App. 278; Stewart v. Stewart, 90 Ind. App. 620, 169 N.E. 593; Twyman v. Twyman, 201 Ky. 102, 255 S.W. 1031; Hoskins v. Hoskins, 231 Ky. 5, 20 S.W. 2d 1029; Kimbal v. Nat. Life Co., 8 La. App. 228; French v. Prov. Sav. Co., 205 Mass. 424, 91 N.E. 577; Kochanek v. Prudential, 262 Mass. 174, 175, 159 N.E. 520; Quist v. West. & So. Co., 219 Mich. 406, 189 N.W. 49; Goodrich v. Eq. Life, 111 Neb. 616, 197 N.W. 380; Prudential Ins. Co. v. Reid, 107 N.J.Eq. 338, 152 A. 454; Re Lynch's Estate, 135 Misc. 436, 237 N.Y.S. 663; Teague v. Pilot Ins. Co., 200 N.C. 450, 157 S.E. 421; Atkinson v. Metro. Life Ins. Co., 114 Ohio St. 109, 150 N.E. 748; Sproat v. Travelers Ins. Co., 289 Pa. 351, 137 A. 621; Union Mutual v. Lindamood, 108 W.Va. 594, 152 S.E. 321; Couch Cyc. of Ins. Law, Sec. 323; Am.Jurisprudence, Sec. 1315 Insurance.

Several Illinois Appellate Courts have not accepted appellant's construction of the Freund holding. They do not require the company's consent nor notification of insured of said consent under all circumstances. Sun Life Assur. Co. v. Williams, 284 Ill.App. 222, 1 N.E.2d 247; National Croation Soc. of U. S. v. Pavlic, 200 Ill. App. 601; Kiolbassa v. Polish Roman Cath. Union, 141 Ill.App. 297; Thompson v. Metro. Life Ins. Co., 318 Ill.App. 235, 47 N. E.2d 879; Kavanagh v. New England Mut. Life Co., 238 Ill.App. 72; O'Connell v. Supreme Tent of K., 153 Ill.App. 232; Novotny v. Acacia Mut. Life Ins. Co., 287 Ill.App. 361, 4 N.E.2d 978.

The leading case is Sun Life Assurance Co. v. Williams, 284 Ill.App. 222, 1 N.E.2d 247. There, the court said:

"In contest between divorced wife of deceased and his father over right to proceeds of insurance policy on life of deceased wherein it appeared that the wife was originally named beneficiary in the policy, but that a month after her divorce from insured he made application for change of beneficiary which desired change was not indorsed upon policy until one week later and insured died the day he made the request for the change, held father entitled to proceeds notwithstanding provision in policy requiring indorsement on policy before change of beneficiary became effective, since such provision is for the protection of the insurance company."

"The designation of a beneficiary in the first instance is left to the exclusive wish of the insured; the insuring company is not concerned, except to be informed of the name of the beneficiary; where the right to redesignate the beneficiary is reserved in the policy, the insuring company is no more concerned than in the first instance; the change is not conditioned upon the consent of the insurer; the change, so far as any beneficiary is concerned, is effected when the insured in due form makes the change; the indorsement by the insuring company merely registers the name of the new beneficiary.

"This construction of the provision disposes of any question of a vested interest in the first named beneficiary. When the beneficiary is redesignated by the insured, all interest of the prior beneficiary is terminated."

In Thompson v. Metropolitan, 318 Ill. App. 235, 47 N.E.2d 879, the court pointed to the fact that the Illinois Supreme Court denied leave to appeal the Sun Life case, thereby approving it. If the Sun case correctly states the Illinois law, then the affirmance of the judgment is unavoidable.

We are, of course, under obligation (Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A. L.R. 1487) to follow the decisions of the Illinois Supreme Court and we unhesitatingly do so. Here, however, the Illinois Appellate Courts have given a widely accepted construction of the Freund case.

The language of the policy in the instant case logically favors a construction favorable to appellee. The first sentence is clear and grants to the insured the absolute right to change the beneficiary. The second sentence, read in the light of the unqualified grant of the first sentence, must be viewed as the requirement of a ministerial act, the non-performance of which will not defeat the insured's absolute right to change the beneficiary.

The company could not refuse consent to insured's application for a change and thus defeat insured's absolute right. If it cannot defeat a change by non-consent, it follows that it cannot defeat the change by nonaction or delayed action. Not infrequently, in more normal cases than this one, we believe the insured, confronted by serious sickness and endeavoring to place his house in order, changes the beneficiaries in his insurance policies shortly before his death. The original beneficiaries may be dead. Conditions may have changed so that it would no longer be just to all heirs that the beneficiaries remain as originally stated in the insured's original applications.

These and other commonly known possibilities weigh rather heavily in support of the conclusion reached by the Illinois Appellate Court in the Sun case.

Moreover, we believe the decisions in Freund v. Freund, supra, and Sun Life Assurance Co., supra, cases are reconcilable. In the Freund case the policy and the New York statute *required* the *consent* of the insurance company to effectuate a change of beneficiary. In the Sun Life case the policy merely dealt with the recognition of the insured's change of beneficiary by the insurance company. This

**584**

latter act was merely a ministerial one. Non-compliance could not and did not defeat the change of beneficiary by the insured.

The difference is significant. Where the parties have agreed that the consent of the insurance company is necessary to a change of the beneficiary, we have a case quite different from one where the policy expressly gives the insured the right to change the beneficiary and also provides that notice of the change by the insured shall be given by the insurance company. In the latter case, there is no *requirement* that the company *consent* to the change. Giving of notice of the change which the insured has made is merely directory.

■ While we are justified in accepting as the Illinois law, the decision in Sun Life. Assur. Co. v. Williams, 284 Ill.App. 222, 1 N.E.2d 247, we believe there is a further reason in the present case why we must recognize the insured's change in beneficiary. We refer to the fact that appellant's shooting insured prevented the consummation of the change of beneficiary. The injury thus inflicted resulted in his death. His early death alone prevented the acknowledgment of the change of beneficiary by the insurance company. It is immaterial whether the shooting was accidental or intentional. The consequences so far as affecting the insured's ability to make a change of beneficiary, were the same. Kavanagh v. New England M. L. Ins. Co., 238 Ill.App. 72.

Then, too, such death made it impossible for the insurance company to notify the insured of its recognition of his change in beneficiary. She is therefore estopped from insisting on the literal compliance with terms of the policy because her act made compliance impossible of performance. That this reasoning finds support in the Illinois decisions and expresses Illinois law on the subject, see Kavanagh v. New England M. L. Ins. Co., supra. The similarity in the two cases extends to the facts. There, as here, prevention of a change was brought about by the wife's shooting the insured, and his early resulting death caused by said shooting.

The judgment is affirmed.

MAJOR, Circuit Judge.

I concur in the result. I do not agree with that part of the opinion which ap-

parently holds that appellant is estopped from asserting that no change of beneficiary was effected. No such theory was advanced by the pleadings or otherwise, either in the court below or here. Moreover, I do not think the theory is tenable under the circumstances presented.