(No. 20671

JOHN E. McEldowney, Admr., Plaintiff in Error, *vs.* The Metropolitan Life Insurance Company of New York *et al.*—(Leola Stringer, Defendant in Error.)

*Opinion filed December 17, 1931—Rehearing denied Feb. 3, 1932.*

Robert D. Melick, for plaintiff in error.

A. L. Williams, (George H. Sugrue, of counsel,) for defendant in error.

Mr. Commissioner Edmunds reported this opinion:

John E. McEldowney, as administrator of the estate of Todd Mosley, filed a bill in the superior court of Cook county praying that Mrs. Leola Stringer be enjoined from prosecuting against the Metropolitan Life Insurance Company of New York a suit at law upon a policy taken out by Mosley and that the insurance company be decreed to pay to Mosley's estate the amount due under the policy.

Mrs. Stringer and the insurance company, made parties defendant, filed answers. In its answer the insurance company alleged its willingness to pay the money to such person or persons as might be lawfully entitled to receive it. The cause was referred to a master, who found that the equities were with Mrs. Stringer and that she was entitled to the proceeds of the policy, less costs. Exceptions to the master's report were sustained by the chancellor. A decree was entered finding the equities to be with the complainant and ordering the proceeds of the policy, less costs, to be paid to McEldowney, as administrator. On appeal to the Appellate Court for the First District this decree was reversed and the cause was remanded, with directions to enter a decree in accordance with the recommendations of the master. The cause is here on *certiorari*.

The policy was issued at the home office of the insurance company in New York on November 9, 1927, and was payable, upon the death of Mosley, to his estate. It contained a provision to the effect that the right on the part of the insured to change the beneficiary in the manner thereinafter prescribed was reserved. The clause relating to such change provides as follows: "When the right to change the beneficiary is reserved, and if there be no written assignment of this policy on file with the company, the insured may (while this policy is in force) designate a new beneficiary, with or without reserving the right of change thereafter, by filing written notice thereof at the home office of the company, accompanied by this policy for suitable endorsement. Such change shall take effect upon endorsement of the same on this policy by the company." Upon one portion of the policy there appears the following: "Register of change of beneficiary.—Note: No change of beneficiary shall take effect unless endorsed on this policy by the company at the home office." Then follow ruled columns, at the top of which appear printed notations, "Date of endorsement," "New beneficiary designated,"

"Right of insured to change beneficiary," and "Endorsed by." A written endorsement shown on this portion of the policy indicates that on January 25, 1928, "Leola Stringer, niece of the insured," was designated as new beneficiary, the future right to change the beneficiary being reserved. At this time the policy came into the possession of Mrs. Stringer.

Leola Stringer having thus been designated beneficiary, complainant's bill cannot be maintained unless there was a subsequent change making Mosley's estate the beneficiary. It is contended that such change is admitted by certain allegations of Mrs. Stringer's answer. The allegations of the answer in this connection are, that Frances Nelson addressed, or procured someone to address, a letter to the insurance company, pretending that said letter was written by Mosley, requesting that the beneficiary be changed and signed Mosley's name thereto, and that upon said alleged request the insurance company mailed to Mosley, at Mrs. Stringer's address, one of its forms of change of beneficiary, to be signed by him and returned. Assuming that the company did send such a form in the manner admitted it does not follow that a change of beneficiary was thereby effected. The question as to when such change can be said to have been accomplished was given thorough consideration by this court in *Freund* v. *Freund,* 218 Ill. 189, a case which has been cited and followed in many other jurisdictions. That case also presented a controversy in a court of chancery as to who was the beneficiary of an insurance policy. The requirements which the policy there involved prescribed for changing the beneficiary were, in substance, the same as those involved in the present case, and the contract of insurance was made in New York, as was the one here. In that case, on June 16, 1902, the assured took his policy to the local office of the company in Chicago and left with it there a written form requesting the change. He was given a receipt which indicated that

the papers were received for transmission to the home office in New York for change of beneficiary. The next day he died. The policy and request for change were forwarded to New York, arriving there on June 21. No endorsement was made on the policy. It was held that no change was effected. Calling attention to the provision that a change of beneficiary would take effect upon the endorsement of the same by the company on the policy, we said: "This is a plain and clear contract between the company and the assured, and we see no reason why the contract is not valid and should not be enforced as made." Answering the argument that signing the printed form prepared by the company effected the change, we said: "It being only a notice to the company as to the change desired, it cannot be said that the mere signing of the written notice by the assured at the branch office accomplished the change." We also pointed out that, as if to enforce the fact that changes were only to take effect by reason of the endorsement, "the provision in relation thereto is set forth twice in the policy, once in the affirmative and a second time in the negative." In the light of the principles laid down in the *Freund case* it cannot be said that a change of beneficiary was effected in the case at bar.

Complainant argues, however, that Leola Stringer can not urge in a court of chancery the failure to effect a change of beneficiary. In support of this argument it is contended that she withheld the policy from Mosley and sequestered letters which the company wrote him with regard to the change. Whatever merit there might be in this argument if Mosley did, in fact, attempt to change the beneficiary and if Mrs. Stringer did, in fact, prevent him from complying with the provisions of the insurance contract which prescribed the manner of procedure in that connection, it must be said that the burden of establishing such facts has not been sustained. The record discloses that in March, 1928, Mosley left the home of Mrs. Stringer,

5013 South Parkway, Chicago, where he had been living about a year and a half, and went to the home of Frances Nelson, a sister, in St. Louis, Missouri. He continued to reside in St. Louis until his death, which occurred September 5, 1928. On April 14, 1928, the following letter was written with a lead pencil to the insurance company:

*"Metropolitan Life Insurance Company*—I am writing to you about my policy I want my policy fix just like I first sign up for it to my estate, my policy no is 4871944 c on a $2500 policy Wabash I would like to get a reply as early as possibly. Back the envelope like this: Mr. Todd Mosley cf. Mrs. Frances Nelson South Kinlock Park."

The record contains several legible letters written by Mosley himself at or about this time. The letter to the insurance company is apparently not in the same handwriting as these others. It was admitted during the hearing that Mosley did not write the letter to the company but that it was, in fact, written by Phelma Nelson, daughter of Frances Nelson. No testimony was given by Frances or Phelma Nelson, or Emma White, another sister in St. Louis, nor were their depositions taken, but it was stipulated during the hearing that if present they would testify that Mosley requested Phelma to write it. On April 26, 1928, the insurance company addressed to Mosley, at 4605 Grand boulevard, Chicago, the following letter: "In reply to your letter of April 14th we mailed you a form to change the beneficiary to your estate and in accordance with your request addressed you at South Kinlock Park, care of Mrs. Frances Nelson. Our letter has been returned by the postal authorities, as they were unable to find you. We are sending this letter to your former address with a request that it be forwarded, and we trust you will receive it safely." While this letter was not addressed to Mosley at Mrs. Stringer's street and number, she admitted in her answer that she received a letter addressed to Mosley in reply to the communication of April 14. She testified that she went

to St. Louis and took with her the slip that came in it, also the insurance policy, and turned both documents over to Mosley there. That she went to St. Louis is conceded. That she turned over the policy and slip to Mosley is not directly contradicted. It is impossible to say that complainant has sustained the burden of proving that Mosley attempted to change the beneficiary and was prevented by Mrs. Stringer's fraud from doing so.

A large part of the record is taken up with testimony relating to the portion of complainant's bill which alleges that an application for change of beneficiary from Leola Stringer to Leola Stringer without right of revocation, which purported to have been executed by Mosley on May 21, 1928, and witnessed by William Anderson, was a for- ·gery. Complainant contended that Mrs. Stringer forged both these names on the application, and in furtherance of such contention offered the opinion of a handwriting expert. Mrs. Stringer and Anderson testified that Mosley signed the document in their presence, and a handwriting expert gave testimony tending to support their statements. The master found that Mrs. Stringer's testimony in this connection was probable and worthy of belief. However, this matter presents a distinct and independent issue. Mrs. Stringer was the admitted beneficiary by virtue of the indorsement of January 25, 1928, and equities entitling complainant to payment could not be established by merely showing that a subsequent apparent change in Mrs. Stringer's favor was invalid. On the issue of forgery, complainant offered certain documentary evidence in the way of dated and undated letters written by Mosley to the insurance company. If these letters unmistakably referred to the policy in question in the present suit they might be held to have some bearing on the question as to whether Mrs. Stringer prevented him from changing the beneficiary to his estate, but in view of the fact that one of them dated June 13, 1928, is written with regard to another pol-

72

icy altogether, they lend no convincing support to complainant's contention on the issue which governs the decision of the case.

The judgment of the Appellate Court is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*