Equitable Life Assurance Society of the United States
v. E. W. Stilley, Appellee, and Mary Elizabeth
Stilley, Appellant.

Opinion
filed May 29, 1933.

J. H. CLAYTON and JOHN A. LOGAN, for appellant.

D. L. DUTY, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

On October 22, 1930, The Equitable Life Assurance Society of the United States, issued its policy in the sum of $1,000, upon the life of Owen H. Stilley, with double indemnity if death should be occasioned by accidental means. Mary Elizabeth Stilley, his wife, and appellant herein, was named as beneficiary.

On December 26, 1931, Stilley and his wife, having separated, entered into an agreement as to division and settlement of property rights, and the custody of their child. Stilley, on January 6, 1932, applied in writing to the insurance company to change the beneficiary in the policy to E. W. Stilley, his father; which application was mailed, and received at the home office of the company in New York City, on January 11, 1932. Change of beneficiary, as requested, was indorsed upon the policy on January 12, 1932. It appears that Owen H. Stilley, the insured, was accidentally killed on January 10, 1932, or two days before the change of beneficiary was indorsed upon the policy.

Both Mary Elizabeth Stilley and E. W. Stilley claiming the beneficial interest in the policy, the insurance company sued for and obtained a decree of interpleader, depositing with the circuit clerk the amount due under the policy, which is admitted to be $2,001.55. The two claimants to the fund were made parties defendant. After a hearing, the chancellor decreed that E. W. Stilley was the lawful beneficiary, and entitled to said sum of money; from this decree Mary Elizabeth Stilley has appealed.

One of the important questions in the case is whether the insurer was what is known as a regular life insurance company, or a mutual benefit association. The policy of insurance is but meagerly abstracted, and

there is but little to guide the court shown therein, as to the character of the company. The only provision abstracted, which really throws any light upon the subject, appears at the top of page 20 of the abstract: "Official receipt from the Company to Owen H. Stilley, showing payment of annual premium on policy bearing date October 22, 1931." This tends to prove that the insurance was paid for in annual instalments, of fixed amounts, which is evidence that the insurer was a regular life insurance company, as distinguished from a mutual benefit association, where, instead of annual premiums, there usually are paid assessments of varying amounts, called for when occasions require. From such information as we are able to gather from the abstract, it appears that the insurer was an ordinary life insurance company.

The provisions as to change of beneficiary, are, that the insured might, from time to time, by written notice duly filed at the society's home office, change the beneficiary, "but such change shall take effect only upon its indorsement on this policy by the Society."

The rule governing in the case of old line insurance is, that the written application for change of beneficiary, is only a notice to the company as to the desired change, and as such, can only be accomplished by indorsement of the same on the policy at the home office of the insurer, in accordance with the terms of the policy. *McEldowney v. Metropolitan Ins. Co.*, 347 Ill. 66.

The right of the insured to change the beneficiary was dependent upon the terms of the policy. Here the requirement was that "such change shall take effect only upon its indorsement on this policy by the Society." By the terms of the contract, the change could only be accomplished by compliance with such provision, and until the indorsement was actually made, there was no change. The insured died before

the insurer made the final indorsement of change of beneficiary on the policy; hence there was no change in the lifetime of the insured, and at his death the rights of Mary Elizabeth Stilley, the originally named beneficiary, became vested, and were not affected by the subsequent indorsement. *Freund v. Freund,* 218 Ill. 189; *McEldowney v. Metropolitan Ins. Co., supra.*

Appellee argues that the insured had done all in his power to accomplish the change, during his lifetime, hence a court of equity should regard such change as effected. In the case of mutual benefit associations, such appears to be the rule; however, when the insurer is an ordinary life insurance company, and its contract requires an indorsement of the change to be noted upon the policy by the company, at its home office, before the change is effective, the principle contended for does not apply. *Freund v. Freund, supra.* We are of the opinion that there was no change of beneficiary in the policy, before the death of the insured.

Appellee further contends that the separation agreement between Stilley and his wife, bars appellant from claiming as beneficiary. But two paragraphs of the agreement are abstracted, and from these it is disclosed that the appellant acknowledged the receipt of certain household goods, merchandise and money, in full settlement and satisfaction of all rights in and to the property of her husband, presently existing, or to be afterwards acquired; and also relinquishing all rights of inheritance, or to a widow's award in his estate, or the right to administer upon same. It further provides for the execution of certain deeds in the future, if required, and for the delivery of a deed to the father of the husband, the custody of their child, and certain provisions relative to future divorce proceedings and alimony. It will be observed that so much of the agreement as is abstracted, does not refer,

in terms, or by implication, to the policy of insurance in question.

Where a contract of insurance reserves to the insured the right to change the beneficiary, the latter has a mere expectancy, and no vested right or interest during the lifetime of the insured. 37 C. J. 579, § 345.

The policy in question being such a contract, the beneficiary had but an expectant interest in the proceeds of the policy, during the life of the insured. This was not property, nor a right of property, and same would not be included in a contract between the parties for the division of property rights, unless it be specifically included, or the text of the agreement showed that it was intended by the parties to be comprehended within its terms. No such intention is manifested by the language of the contract here, nor does it, in terms, refer to the policy of insurance.

In our opinion, the appellant is not barred as beneficiary by the separation contract.

For which reason the decree is reversed and the cause remanded, with directions to enter a decree in favor of appellant for the amount due upon the insurance policy.

*Reversed and remanded with directions.*