**Lulu M. Crawford, Appellant, v. Anna Wyant and John Hancock Mutual Life Insurance Company, Appellees.**

Opinion filed March 6, 1936.

Kevin Kane, of East St. Louis, for appellant.

Beasley & Zulley, of East St. Louis, for certain appellee.

Mr. Justice Stone delivered the opinion of the court.

This appeal is prosecuted to reverse a decree of the city court of East St. Louis, Illinois. Plaintiff appellant, Lulu M. Crawford, filed her complaint in equity, asking that one of the defendants, John Hancock Mutual Life Insurance Company, be enjoined from paying the proceeds of a certain life insurance policy on the life of Frank D. Wyant to the defendant Anna Wyant, widow of the said Frank D. Wyant, deceased, and that such proceeds, amounting to the sum of $1,047.20, be paid to her as the beneficiary under said policy.

The defendant Anna Wyant, in her answer, claimed the proceeds of said policy, asserting that she was the beneficiary under said policy.

At the beginning of the trial the parties entered into a stipulation which was to be and was taken in place of any evidence to be offered in the case by any of the parties. Said stipulation is in words and figures as follows:

"It is stipulated by Lulu M. Crawford, plaintiff, Anna Wyant, widow of Frank Wyant, deceased, and John Hancock Mutual Life Insurance Company, a corporation, of Boston, Massachusetts, and their respective solicitors that the following are the facts, to wit:

"That Frank D. Wyant, in his lifetime, on the 4th day of May, 1915, made written application for a policy of life insurance in the John Hancock Mutual Life In-

surance Company, a corporation of Boston, Massachusetts, in the amount of $2,500.00;

"That subsequently, on the 10th day of May, 1915, the said defendant John Hancock Mutual Life Insurance Company, a corporation, of Boston, Massachusetts, issued their certain policy numbered 412351 in an amount of $2,500.00, that the numbered policy No. 412351 was issued in conformity with the application dated May 4, 1915;

"That in the original policy one Laura Wyant, the mother of Frank D. Wyant, was the beneficiary;

"That subsequently, on the 14th day of January, 1928, the said Frank D. Wyant applied for a change of beneficiary in the said policy numbered 412351, and the said change of beneficiary was effectuated to Lulu M. Crawford, the plaintiff and a sister of Frank D. Wyant;

"That on the 22nd day of January, A. D. 1935, the said Frank D. Wyant nominated a change of beneficiary to his wife, Anna Wyant;

"That said nomination was made upon a regular form that was furnished to the said Frank D. Wyant by the said defendant, John Hancock Mutual Life Insurance Company of Boston, Massachusetts, and that said nomination of beneficiary, dated January 22, 1935, was filled out and witnessed and dated and signed; that is, witnessed by O. W. Knewitz, and said Frank D. Wyant signed said nomination of beneficiary on said form so furnished on the 22nd day of January, 1935, in which he nominated Anna Wyant, his wife, to be the beneficiary;

"That on the 23rd day of January, 1935, the said nomination of beneficiary, bearing date of January 22, 1935, was delivered to Louis P. Flauaus, superintendent for the John Hancock Mutual Life Insurance Company at East St. Louis, Illinois, together with said policy No. 412351, and that on the same day the said Louis P. Flauaus made the endorsements on the re-

verse side of said nomination as is required by the defendant Insurance Company in the usual course of its business; and that on said day, January 23, 1935, the said Louis P. Flauaus, local superintendent of said Insurance Company, forwarded the said nomination of beneficiary and the said policy No. 412351 to the home office of the defendant John Hancock Mutual Life Insurance Company at Boston, Massachusetts; that by a stamp on the back of the nomination of beneficiary, the said stamp shows that said nomination of beneficiary, together with said policy, were received in the home office of the John Hancock Mutual Life Insurance Company at Boston, Massachusetts, at 3 o'clock p. m. on Friday, January 25, 1935;

"That said nomination of beneficiary, together with said policy, remained in the home office of the John Hancock Mutual Life Insurance Company from said 25th day of January, 1935, until the 28th day of January, 1935, at which time the said defendant John Hancock Mutual Life Insurance Company of Boston, Massachusetts, endorsed on said policy the following language in words and figures:

" 'The insured, under date of January 22, 1935, nominates Anna Wyant, wife, to be the beneficiary under this policy, the insured still reserving the privilege of other changes, subject to all the provisions of the policy, and subject also to any existing pledge or assignment hereof.

" '(Signed) John Hancock Mutual Life Insurance Company,
by Chas. A. Dieman, Secy.,
Dated at Boston, Massachusetts,
January 28, 1935.'

"That in and by the application signed by Frank D. Wyant on the 4th day of May, 1915, the following provision was contained:

" 'I expressly reserve the right, however, to change the beneficiary from time to time, in accordance with

the terms of any policy, hereunder, by filing with the Company a written notice in such form as it may require.'

"But that under clause 3 of the said policy issued on that application, among other things, contains the following provisions:

" 'That, referring to change of beneficiary, if all rights have been reserved in the application herefor, the insured may change the beneficiary from time to time, subject to the rights of any assignee, by written request upon the blanks of the company, filed at its home office, but such change shall take effect only upon endorsement hereon.'

"That there is no provision in the policy by which the Company exercises any discretion in the matter, but when his nomination of beneficiary on the form provided by the Company comes in duly filled out and signed by the insured, together with his policy, that the only thing that remains to be done is merely to stamp on the back of the policy the words that have already been dictated; that is a ministerial act; the Company does not reserve any right by its application or policy to exercise any discretion, but when the nomination paper comes in together with the policy in due form, the only thing required to be done by the Company is the ministerial act of placing the stamp on the back of the policy, which in this case was done with a rubber stamp, except the date, January 22, 1935, which was written on a typewriter and the words 'Anna Wyant, wife,' were written on a typewriter and the date, January 28, 1935, was written on a typewriter; all the others having been placed on by a rubber stamp, with the name of the secretary placed in by a rubber stamp.

"That the said Frank D. Wyant departed this life on the 27th day of January, 1935; that there is due and payable under said policy numbered 412351 the sum of

$1,047.20, the difference being due to loans made by the said Company to the said Frank D. Wyant in his lifetime.

"It is further stipulated by the John Hancock Mutual Life Insurance Company of Boston, Massachusetts, that $1,047.20 is the correct amount that said Insurance Company owes to someone and that they are ready and willing to pay the same into court whenever the Court directs the same to be paid to some proper person."

The trial court found the equities to be with the defendant, Anna Wyant, decreed the amount of money due on the policy to be paid to said defendant and dissolved the injunction.

Plaintiff appellant relies upon three cases which he claims decide all questions here involved. They are *Equitable Life Assurance Society v. Stilley,* 271 Ill. App. 283; *Freund v. Freund,* 218 Ill. 189, and *McEldowney v. Metropolitan Life Ins. Co. of New York,* 347 Ill. 66.

It remains to decide whether the facts as shown by the stipulation bring the present case within the rule which is settled by those cases.

In *Equitable Life Assurance Society v. Stilley,* 271 Ill. App. 283, we said:

"The right of the insured to change the beneficiary was dependent upon the terms of the policy. Here the requirement was that 'such change shall take effect only upon its indorsement on this policy by the Society.' By the terms of the contract, the change could only be accomplished by compliance with such provision, and until the indorsement was actually made, there was no change. The insured died before the insurer made the final indorsement of change of beneficiary on the policy; hence there was no change in the lifetime of the insured, and at his death the rights of Mary Elizabeth Stilley, the originally named benefi-

ciary, became vested, and were not affected by the subsequent indorsement. *Freund v. Freund,* 218 Ill. 189; *McEldowney v. Metropolitan Ins. Co., supra.''*

In the *Freund* case, *supra,* the whole question was thoroughly gone into and the rule announced as above. The *McEldowney* case, *supra,* refers with approval to the *Freund* case.

It will be observed, however, that the facts in the case at bar are quite different from the facts in either of the cases above cited, and are such we think as to distinguish this case from those cases. In the *Stilley* case, *supra,* the application for change of beneficiary was not received at the home office as prescribed in the policy until January 11, 1932; Stilley, the insured, was killed on January 10th. Thus it shows that the company had no opportunity to do the acts requisite for a change of beneficiary in that policy whether it be an act of discretion or a ministerial act.

In the *Freund* case the policy with proper application for change of beneficiary did not arrive at the home office until several days after the death of the assured, so that the same rule would apply to that case. There was not sufficient in those cases to place the parties in position to apply the maxim of equity that ''Equity regards that as done which should have been done.'' There was never opportunity to do the acts that were necessary by the authority alone which had the lawful right to do those acts in the lifetime of the assured.

In this case the application for change of beneficiary together with the policy made out in pursuance of the right prescribed in the assured's application and in accordance with the *modus operandi* prescribed in the policy for the change of beneficiary were duly made out and filed with the local agent of the John Hancock Mutual Life Insurance Company. On the 23rd of January, said papers were sent by said local agent to the home office of the John Hancock Mutual Life In-

surance Company. They arrived at the home office on the 25th day of January, 1935, and remained there until January 28, 1935,—the assured having died on the 27th of January, at least two full days after the papers, policy and so forth necessary for the change of beneficiary had arrived at the home office. There was nothing further that the assured could have done, and he had done all things required of him in his lifetime,—had presented the papers to the authoritative body,—that is, the home office,—in his lifetime, and lived two days thereafter. Under the provisions of the policy and the application there was nothing for the John Hancock Mutual Life Insurance Company to do but indorse the change.

The parties have stipulated that all that was to be done was a mere ministerial act on the part of the John Hancock Mutual Life Insurance Company. This act they did not perform. This act they should have performed and had they done so promptly as was their duty in the premises, the beneficiary would have been changed in the manner prescribed. In this respect this case differs from the cases above cited. The failure to act on the part of the John Hancock Mutual Life Insurance Company was tantamount to a refusal to do what the assured had a right to have done. It was the same in effect as if they had refused to make the indorsement, which under the policy and the application of the assured they had no right to refuse.

"As a general rule it is probably true that if the assured has taken all the steps necessary and otherwise done all in his power to effect a change of beneficiary and all that remains to be done is some purely ministerial duty on the part of the officers of the society, then the change will be regarded as complete." (Joyce on Insurance, Volume 2, section 751.)

To hold that the change was not completed under the circumstances in the case at bar is to say that the insurance company by mere neglect, or arbitrarily, may

repudiate its policies and its applications at liberty. This we think they cannot do. If it could keep this policy two days without making the indorsements required,—a change it was lawfully bound to make, then it might keep the policy under the same conditions for 30 days, and thus utterly destroy substantial property rights both of the assured and the beneficiary.

We are of the opinion that the maxim of equity above referred to applies in this case, and that the change of beneficiary was in fact made; that the trial court did not err in entering the decree which it did enter, and that said decree should be and it is hereby affirmed.

*Decree affirmed.*