Margaret Ellen Young, Appellee, v. American Standard Life Insurance Company and Electrical Workers Benefit Association, Interpleaders. Alice Ellen Smith, Appellant.

Gen. No. 43,811.

6

Opinion filed February 26, 1947. Re-
leased for publication March 20, 1947.

Moses H. Kamerman, of Chicago, for appellant;
Herbert M. Wetzel, of Chicago, of counsel.

Jerome J. Sladkey, of Chicago, for appellee.

Mr. Justice Kiley delivered the opinion of the court.

This action was begun April 10, 1944 in law to recover the proceeds of two certificates of insurance. The Insurance Company and Association filed counter complaints in interpleader, asserting that plaintiff and Alice Smith each claimed the benefits. The court ordered the claimants to interplead and transferred the cause to the chancery side of the court. The proceeds of the policies were deposited in court. On plaintiff's motion the court struck the pleadings of Alice Smith. She stood by the pleadings, and the in-

surance benefits were awarded to plaintiff. Alice Smith has appealed.

Plaintiff is the daughter of William J. O'Brien, deceased. He died October 22, 1943 at 5:45 A. M., leaving plaintiff as his only heir at law and next of kin. At the time of his death he was insured for $3,000 under Certificate No. 3603 in a group life insurance policy written by the American Standard Life Insurance Company for the members of Local 134 International Brotherhood of Electrical Workers. He was also insured for $1,000 under Certificate No. 7492, written by the Electrical Workers Benefit Association. The beneficiaries in these certificates were originally parents of the deceased. January 28, 1943 and February 15, 1943 plaintiff was designated as beneficiary in Certificates No. 7492 and 3603, respectively.

Upon the foregoing facts plaintiff commenced her suit and bases her claim for the insurance benefits. Alice Smith bases her claim upon requests for changes in beneficiary, mailed from Chicago, Illinois to the Home Office of the defendant insurance company on October 21, 1943.

The question is whether on the pleadings a right is shown in plaintiff, and not in Alice Smith, to the disputed insurance benefits.

The requests for changes in beneficiary were first received by the insurers October 22, 1943, after the death of the insured. The Association received its request in an envelope postmarked at Chicago, Illinois, 5:00 P. M. October 21st. The Company, in connection with Certificate No. 3603, provided a form captioned, Request for Change of Beneficiary. In it the insured stated, "I hereby request" the change from plaintiff to Alice Ellen Smith. The form was incomplete in that the relationship of the proposed beneficiary was not given and the date of the insured's signature was not given. The same day the request was returned to the Local Union with instructions to have the insured

complete the form and return it. October 29, the form was again received by the Company. There was added in longhand after the word Smith, the words, "or my estate" and the relationship "fiance" and the date, "10–8–43." The form was returned in a letter from the attorney for Alice Smith, who witnessed the insured's signature on the form of request, and who stated in his letter that the signature was witnessed "as of that day." November 4, 1943, the Company wrote this attorney, sending a new form to be completed by the insured because the proposed beneficiary "Alice Ellen Smith, or my estate" was indefinite and alternative. It appears that this form was not returned to the Company.

By not denying allegations of the foregoing facts in her answer to the Company's cross-complaint, Alice Smith admitted them. In her answer to plaintiff's amended complaint she did not controvert allegations of those facts. She moved to strike them as irrelevant, immaterial and evidentiary.

The form received by the Association was dated October 7, 1943 and the insured's signature was witnessed by Alice Smith's attorney. It is captioned Change of Beneficiary Application. Insured stated a "desire" to change the beneficiary from plaintiff to "Alice Ellen Smith, or my estate." The form was incomplete in that the relationship was not given. October 28 this form was returned to the insured in care of the Local. A new application was sent because "we cannot issue a certificate designating one person or another . . ., as we would not know to whom to pay your benefits in the event of your death." The letter stated that members must confine their beneficiaries to heirs, affianced wife, etc. It appears that a form, incomplete as the original, was received November 5, 1943.

The allegations of the foregoing facts were admitted by plaintiff's failure to deny them in her answer to

the Association's counter complaint. Like allegations in plaintiff's amended complaint were not denied by Alice Smith and were referred to as superfluous, unpleadable and argumentative conclusions.

Alice Smith contends that the change in beneficiary as to the Insurance Company became effective when the insured signed the request and dispatched it and the policy. She further contends that any defect short of a void request was waived by the Company when it filed its cross-complaint for interpleader and paid the benefits into court, and that the lack of date or relationship in the request are not matters of defense available to plaintiff. She admits that plaintiff was beneficiary prior to the events under consideration. If the pleadings do not show, therefore, that valid change of beneficiaries were made, the plaintiff would stand as beneficiary.

We have stated hereinabove that the court disposed of the case by striking the pleadings of Alice Ellen Smith. It ordered the Clerk of the Court, with whom the proceeds of the policies had been deposited by the insurers, to pay the proceeds of both policies to plaintiff. The stricken pleadings contained denials by Alice Smith of charges made by plaintiff respecting duress, fraud, etc. in the execution of the change of beneficiary forms. The nature of the court's ruling rendered unnecessary its consideration of these factual matters. They are, therefore, not before us on appeal. It is recognized by the parties that a reversal of the decree would require remandment of the cause for a hearing of these factual issues. The parties, however, have stipulated in this court to withdraw the factual issues from the case, and that our judgment shall be final.

Plaintiff depends upon *Freund v. Freund,* 218 Ill. 189; *McEldowney v. Metropolitan Ins. Co.,* 347 Ill. 66; and *Equitable Life Ins. Soc. v. Stilley,* 271 Ill. App. 283. Alice Smith relies upon *Sun Life Assurance Co. v. Williams,* 284 Ill. App. 222; *Thompson v. Metropoli-*

*tan Ins. Co.,* 318 Ill. App. 235; *Prudential Ins. Co. v. Moore,* 145 Fed. (2d) 580; and *John Hancock Mutual Life Ins. v. Douglass,* 156 Fed. (2d) 367. There is considerable divergence in these cases on the questions involved in the contentions made here. *Freund v. Freund* and *Sun Life Assurance Co. v. Williams* are the leading cases. The Circuit Court of Appeals, 7th District, in *Prudential Ins. Co. v. Moore,* "believed" that the *Freund* and *Sun Life Assurance Co. cases* were reconcilable. In the *Freund case* a New York statute requiring consent of insurer was involved. In the *Sun Life Assurance Co. case* there was no such statute, but the Court said that was not important since the policy provision was substantially like the statute. Under that policy provision the change would "take effect only upon the endorsement . . . by the company." Leave to appeal was denied in the *Sun Life Assurance Co. case.* It was decided after both the *Freund* and *McEldowney cases.*

Alice Smith was insured's fiancee. She was named executrix in William O'Brien's will. In her pleadings she set out a provision of decedent's will, disinheriting plaintiff, made about a week before he died. This provision has a bearing upon the insured's intention. Since there is no question that he intended to change his beneficiary, we need not consider the provision of the will for that purpose. The provision of the will is not helpful to clarify his intention in one respect, which will hereafter be seen.

█ We believe that we should consider the request and application as they were when they first reached the Home Office. Whether Alice Smith, or someone in her behalf, subsequently altered these forms, is not material. The alterations were made after the insured died. Despite the fact that he died October 22, neither Alice Smith nor anyone in her behalf notified the insurers of his death as late as November 4th.

Under Certificate No. 3603 the insured requested a change of beneficiary from plaintiff to Alice Ellen Smith. The policy provided that the change could be made by filing with the Company a written request and that the change would not take effect until received at the Home Office. The request for change was made on a form supplied by the Company. There was a place on the form for stating the relationship of the proposed beneficiary and a place for dating the execution of the request. There was no limitation on naming beneficiaries. There was a statement in the form that insured was returning his policy for the purpose of having the change endorsed there, "it being understood that such change shall not become effective until endorsement has been made." When the request was received at the Home Office the insured was dead.

We think the receipt provision of the policy superseded the endorsement provision in the form of request. We believe that what transpired after the form reached the Home Office is not material. We cannot say that the alteration made at the request of the Company after insured's death and without notice to it of the fact nullified the insured's intent to change. We believe that the form was sufficiently explicit to inform the Company of the insured's intention. *John Hancock Mutual Life Ins. Co. v. Douglass.* Under the circumstances of this case, we believe we should follow *Sun Life Assurance Co. v. Williams* and not *Freund v. Freund.* Since the request was received in the Home Office and the Company filed its cross-complaint for interpleader, therefore, the change of beneficiary, as to plaintiff, was effective.

Under Certificate No. 7492, decedent expressed his "desire" for a change from plaintiff to "Alice Ellen Smith or my Estate." This certificate provided that every member should have the "right"

to name and the "privilege of changing" his beneficiary, provided that the original or successor beneficiary fell within certain classes, including affianced wives and estates. There is a further provision that the relationship of the named beneficiary to insured "shall be stated" by him and set out in the certificate. There is a further provision that a valid designation of an original or new beneficiary should be effective if actually received at the Home Office from midnight of the day of mailing the application. In the instant case, if valid, the change would be effective from midnight of October 21 and, accordingly, before insured's death. On the back of the certificate is a register of change of beneficiary. This states that no change would take effect "until endorsed at the Home Office during the life of insured." Although the application for change was rejected by the insurer on October 22, we believe, if valid when received, we should disregard the rejection.

■ ■ We think the designation of the proposed beneficiary "Alice E. Smith or my estate" is ambiguous. We think that while the insured expressed an intention to make a change, the change was not accomplished because it did not make clear what his intention was. This was not a mere lack of nonessential information such as was overlooked in *John Hancock Mutual Life Ins. Co. v. Douglass*. It is our view that the application for the change was void. It could mean that the insured intended the benefits at his death to go to his fiancee if she were living and to his estate if she were not. It might also mean that he intended that the Insurance Company should pay one or the other at insured's death. We see no merit to the contention that we should construe the designation in the light of the will provision, as an intention to avoid a clause in the insurance contract under which "next of kin" take the proceeds in default of a living beneficiary. Plaintiff points out that the application was signed

October 7, 1943. There was then no will. The will was made October 15, 1943. Plaintiff says that when the intention to change was expressed, it, in effect, designated Alice Smith or plaintiff, because under his estate plaintiff would have been the only heir.

The change of beneficiary not having been effected at insured's death, the proceeds vested in plaintiff. The Association's cross-complaint of interpleader had no effect upon plaintiff's vested right.

For the reasons given the decree is reversed and the cause is remanded with directions to enter a decree ordering the Clerk of the Court to pay the proceeds of Certificate No. 7492 to plaintiff and proceeds of Certificate No. 3603 to Alice Ellen Smith.

*Reversed and remanded with directions.*

Lewe, P. J., and Burke, J., concur.