C. W. Malin, Columbus, for plaintiff in error.

Harry C. Godown, Columbus, for defendant in error.

## VALENTINE v VAN SCHOYCK

Ohio Appeals, 2nd Dist, Franklin Co

No 2468.   Decided March 5, 1935

## OPINION

### By KUNKLE, PJ.

From such ruling error is prosecuted to this court. We have considered with care the very exhaustive briefs which have been filed by counsel.

They contain a very complete review of the pertinent authorities.

Some of the authorities so cited, in our opinion, are not applicable as they relate exclusively to policies issued by fraternal associations, etc.

The policies in question are what are termed industrial or old line insurance policies. This distinction must be made in a consideration of the authorities.

The policies in dispute provided that a change of beneficiary might be made by the insured. No such change in beneficiary was made in either policy, notwithstanding the fact that the parties were divorced in 1932, and that Russell E. Valentine subsequently re-married. The case of **Fitzgibbon, Admr. v Walcutt, 126 Oh St, at page 450**, is stressed by counsel for plaintiff in error. This case is not controlling as the first paragraph of the opinion written by Judge Stephenson states:

"At the outset it will be borne in mind that this relief association is not an old line insurance company. It substantially fills the requirements of a mutual benefit association," etc.

We cannot escape the conclusion that the case of **Overhiser, Admrx. v Overhiser et, reported in the 63rd Oh St at page 77**, is determinative of the issues presented in this case.

The syllabus of this case is as follows:

"When a married woman is named as a beneficiary in a policy of insurance on the life of her husband, she is entitled to the proceeds of the policy notwithstanding a divorce obtained by her before his death."

The court in the first paragraph of the opinion say:

"Lena Overhiser was named in a policy as the beneficiary, and the words 'wife of George P. Overhiser' were descriptive only."

So in the case at bar. The defendant in error, Leona Valentine, is named in each of the policies in dispute. It is true the word "wife" appears after such name, but in the language of the Supreme Court as found in the Overhiser case, we think the term "wife" is merely descriptive.

It was in the power of Russell E. Valentine, at any time, to have changed the beneficiary in these policies. He did not do so. We cannot say whether his failure to change the beneficiary after the divorce was intentional or was the result of oversight on his part. We must read and construe the policies as he left them, and so construing the policies we think the lower court properly sustained the demurrers.

The Western and Southern Insurance Company was made a party in this proceeding and voluntarily paid the value of these policies into court, and thus permitted the contestants to litigate their rights as to the fund so deposited.

The insurance company made no defense, and the rule is settled in Ohio that under circumstances where different parties claim the fund so paid in by an insurance company, that they will not be heard to object that the beneficiary named in the policy had no insurable interest at the date of the death of the insured. See 3rd paragraph of the syllabus of case of **Keckley et, Executors v The Coshocton Glass Company, 88 Oh St, p. 213**.

Finding no error in the rulings of the trial court, the judgment will be affirmed.

BARNES and HORNBECK, JJ, concur.