## FEDERAL LIFE INS. CO. v. TIETSORT et al.

### DE JONG v. SAME.
#### No. 7946.

Circuit Court of Appeals, Seventh Circuit.
Nov. 25, 1942.

Rehearing Denied Dec. 22, 1942.

John J. Ziska and Ewart Harris, both of Chicago, Ill., for appellant.

Elbert A. Wagner, Jr. and Harry Shriman, both of Chicago, Ill., for appellee.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

The plaintiff, an Illinois corporation, filed its complaint against Ruth Tietsort, a citizen of the State of Michigan, and Alberta Weber DeJong, a citizen of the State of Illinois, to have determined conflicting claims under a policy of insurance issued by it, whereby the plaintiff agreed to pay to the beneficiary named therein, upon the death of Carroll S. DeJong by accidental means, the sum of $3,000. The existence of the requisite jurisdictional amount, the diversity of citizenship of the adverse claimants, and the disinterestedness of the plaintiff made the remedy of the Interpleader Act, Jud.Code § 24(26), 28 U.S.C.A. § 41(26), available to the insurer. Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85.

The facts are not in dispute. On March 1, 1924, Carroll S. DeJong married Ruth. March 2, 1926, while Carroll and Ruth were living together as husband and wife, the policy in question was issued. September 21, 1940, Ruth and Carroll were divorced

and on November 2, 1940, Carroll married Alberta, who was his wife at the time he met his death by accident on November 30, 1940.

The policy named Carroll S. DeJong as the insured and designated the beneficiary as "Mrs. C. S. DeJong (hereinafter called the beneficiary), relationship wife." Under the provisions of the policy, no change in it was valid "unless approved by an executive officer of the company and such approval be endorsed" on the policy. The insured made no application for change in the name of the beneficiary, and no endorsement appeared on the policy. The premiums were paid, and both claimants presented to the plaintiff the necessary notices and proof of loss.

The District Court entered a decree awarding to Ruth Tietsort the sum deposited by the plaintiff in the court's registry. To reverse the decree, Alberta Weber DeJong appeals.

Each claimant, of course, insists that she is the beneficiary of the policy and is entitled to its benefits. The appellee, Ruth Tietsort, contends that the policy designated a specific individual as beneficiary—namely, herself, the person who was Mrs. Carroll S. DeJong, wife of the insured, at the time the policy was issued. Contrarily, the appellant, Alberta Weber DeJong, maintains that the policy only named a class as beneficiary, to-wit, that person who chanced to be Mrs. Carroll S. DeJong, the wife of the insured, at his death. In the alternative, the appellant, as administratrix of the estate of the deceased, argues that even if the designation was that of a particular individual and that individual was appellee, her interests ceased when she was divorced for her fault, and the proceeds of the policy passed to the estate of Carroll S. DeJong, deceased.

■ We think the problem on this appeal is one of contract: to determine the intention of the insured when he applied for the policy. The laws of Illinois necessarily control our decision since the insurance policy was executed and issued in that state.

■ In our case, if the beneficiary had been designated as "Mrs. Ruth DeJong * * * wife," there could be no dispute that the person intended to be the beneficiary was the present Ruth Tietsort. The fact that she was no longer the wife of the insured at his death would not affect the designation, because the word "wife" in the policy would obviously not be a condition of the designation. It would merely be descriptive of the particular person named. 52 A.L.R. 395 and 29 Am.Jur. § 1292. We cannot believe that the insured meant any one other than his wife Ruth, when he named the beneficiary as "Mrs. C. S. DeJong." At the time the application was made for the policy, Mrs. C. S. DeJong and Mrs. Ruth DeJong were one and the same person to him. We cannot, nor shall we, attribute to him an intention of a subsequent marriage to another woman. To be sure, there have been instances of class designations of beneficiaries in which the Illinois courts have determined the membership of the class at the time of the insured's death. These cases, of course, differ from one in which the beneficiary is a particular named person. In fact, if the courts had not chosen that time as determinative, they would have defeated the apparent intention of the insured. For example, in Pike County Mutual Life Ass'n v. Berry, 214 Ill.App. 316, the insured designated his "wife and children" as the beneficiaries, although at the time the benefit certificate was issued, he had no children, nor was he married, and since neither of the beneficiaries described were in existence when the contract was made, it was clearly the intent of Berry that some subsequent date should control. Similar problems were presented in Modern Woodmen v. Allin, 301 Ill. 119, 133 N.E. 677, 678, 20 A.L.R. 956, in which the court held that a benefit payable to the insured's "wife and children" included those children born after the policy was issued.

■■ The insured's divorce from Ruth for her fault did not affect her rights as beneficiary. Her rights were created by the policy of insurance; they were not created by marriage. Compare Begley v. Miller, 137 Ill.App. 278; Sun Life Assur. Co. v. Williams, 284 Ill.App. 222, 1 N.E.2d 247. If the insured desired to change the beneficiary, he had to comply with the terms of the policy, and since no other selection of a beneficiary was made in the manner prescribed by the policy before the insured died, the beneficiary whose selection was valid has a vested interest in the fund. Freund v. Freund, 218 Ill. 189, 75 N.E. 925, 109 Am.St.Rep. 283. Whatever differences of opinion there may be in the intermediate courts of the State as to what constitutes substantial compliance with the provisions of the policy (compare Sun Life

Assur. Co. v. Williams, supra, and Equitable Life Assur. Soc. v. Stilley, 271 Ill.App. 283), it is admitted that the insured made no effort to change the name of the beneficiary.

For the reasons assigned, we must conclude that Ruth Tietsort was rightfully entitled to the proceeds from the policy, and the decree must be affirmed.

It is so ordered.