By the Court.
 

 The only issue in this case presented to and determined by the Probate Court was wnether the plaintiff, Eva Olijan, was the wife of Mike Olijan at the time of his marriage to the defendant, Bose Grudlin, in Pittsburgh, Pennsylvania, May 10, 1917.
 

 In was incumbent upon the plaintiff to establish by competent evidence the fact of her legal and valid marriage to the decedent as claimed. The basis of plaintiff’s claim being that such marriage was consummated in the country now known as the Kingdom of Yugoslavia, such fact must be proved either by the testimony of competent witnesses or by documentary evidence duly collated from official public records and properly authenticated as such. '
 

 The plaintiff offered no testimony of witnesses by deposition or otherwise tending to establish the claim of marriage, but submitted a purported copy of an entry in the record of marriages of the Roman Catholic Church St. Simon at Ciglen (Yugoslavia), which purported certificate shows that Mike (Mijo) Olijan and Eva Kraljic were married November 26, 1900, by Miroslav Urlaub, assistant pastor, and that a marriage permit No. 90427 was issued November 19, 1900, by the royal district office.
 

 This document was certified under church seal by the pastor of the church whose signature was authen
 
 *419
 
 ticated under the county court seal by the presiding judge. The presiding judge’s signature was attested under the seal of the emigration commissary at Zagreb, by the counselor, and this signature in turn was certified to be genuine by the vice consul of the United States, stationed in the city of Zagreb, Kingdom of Yugoslavia.
 

 An attorney at law claiming to have knowledge of the law of Yugoslavia testified that the only lawful record of marriages since 1900 in the Kingdom of Yugoslavia and its predecessor, the Kingdom of Servia, were the records kept-by the Churches; that the law of Yugoslavia required such records to be kept; and that such were the official marriage records. Other documentary evidence tendered and admitted only supplemented the marriage record above referred to.
 

 Sections 11498 and 11499, General Code, were originally enacted as a single section in the Code of Civil Procedure in 1853. The language thereof has remained practically unchanged.' These sections provide as follows:
 

 Section 11498. “Printed copies of written law enacted by another state, a territory of the United States, or foreign government, proved or purporting to have been published by its authority, or proved to be commonly admitted as evidence of the existing law in the courts or tribunals thereof, respectively, on all occasions, by the courts and officers of this state, shall be admitted as presumptive evidence of such law.”
 

 •Section 11499. “The common or unwritten law7 of such other state, territory or foreign government, may be proved as facts by parol evidence. Books of reported cases adjudicated in its courts also may be admitted as presumptive evidence of such law.”
 

 It has long been the settled law of this state.that the law of a foreign country must be proved by competent evidence as any other fact material to the case.
 
 In-
 
 
 *420
 

 graham
 
 v.
 
 Hart,
 
 11 Ohio, 255;
 
 Smith
 
 v.
 
 Bartram,
 
 11 Ohio St., 690;
 
 Whelan’s Exr. v. Kinsley’s Admr.,
 
 26 Ohio St., 131;
 
 Evans
 
 v.
 
 Reynolds,
 
 32 Ohio St., 163:
 
 Larwell
 
 v.
 
 Hanover Savings Fund Society,
 
 40 Ohio St., 274.
 

 The marriage law of Yugoslavia, therefore, was a question of fact. The proof thereof in this case was dependent essentially upon the knowledge and credibility of the one witness referred to.
 

 The Probate Court at the conclusion of the plaintiff’s case overruled a motion to “direct a verdict.” The defendant then adduced due proof of her marriage to the decedent; whereupon the court made a general finding for the defendant. There were no separate findings of facts and conclusions of law, hence the record herein fails to present a clearly defined issue of law.
 

 The Court of Appeals in its journal entry found only “that substantial justice has been done the party complaining” and affirmed the judgment of the Probate Court. However, it is stated in the opinion of the court that there is “no credible evidence in the record tending to establish the' authenticity of the documentary evidence.”
 

 Since this court does not weigh the evidence, the judgment of the Court of Appeals should be and is affirmed.
 

 Judgment afirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Bell, Williams and Turner, JJ., concur.