MODARELLI, EXR., APPELLANT, *v.* MIDLAND MUTUAL INS. CO. ET AL., APPELLEES.

[Cite as Modarelli v. Midland Mutl. Ins. Co., 10 Ohio App. 2d 115.]

(No. 1739—Decided May 3, 1967.)

*Mr. Ben F. Kelley,* for appellant.
*Messrs. Wright, Harlor, Morris, Arnold & Glander* and *Messrs. Sieman, Sieman & Sieman,* for appellees.

LYNCH, J. In 1955, Clement A. Kelly married Shirley N. Kelly in Ontario, Canada, and immediately thereafter moved to Girard, Ohio, where they established a residence. In 1956, a child, Dorinda Kelly, was born of this marriage. Domestic problems arose between the parties, and on May 3, 1963, Clement Kelly filed for divorce in Trumbull County. Personal service was obtained upon Shirley N. Kelly in Trumbull County. Divorce was granted to Clement A. Kelly on July 20, 1964. On January 22, 1965, Clement A. Kelly was killed in an automobile accident in Girard, Ohio.

At the time of his death, he had an insurance policy on his life with defendant-appellee, The Midland Mutual Life Insurance Company, and the beneficiary named in this policy was Shirley N. Kelly who was designated as the wife of Clement N. Kelly. At the time of the death of Clement A. Kelly, Shirley N. Kelly resided in Black-Donald Mines, Ontario, Canada. Under the will of Clement A. Kelly his sole heir is his child, Dorinda Kelly.

Plaintiff, as administrator *de bonis non* of the estate of Clement A. Kelly, filed a petition for declaratory judgment praying that the estate of Clement A. Kelly rather than Shirley

N. Kelly be adjudged as being entitled to the proceeds of the life insurance policy of Clement A. Kelly with The Midland Mutual Life Insurance Company.

This case was tried before the Court of Common Pleas without a jury, and the court denied the petition for declaratory judgment and found that Shirley N. Kelly was entitled to the proceeds of the insurance policy with The Midland Mutual Life Insurance Company. Plaintiff, appellant herein, appealed this order of the trial court on questions of law.

The first paragraph of the syllabus of *Cannon, Admx.,* v. *Hamilton,* 174 Ohio St. 268, is as follows:

"A married woman who is named as a beneficiary in a policy of life insurance is entitled to the proceeds upon the death of her insured husband, notwithstanding a divorce obtained by her from the insured before his death. The designation of the beneficiary in the policy as the wife of the insured is merely descriptive. (*Overhiser, Admx.,* v. *Overhiser,* 63 Ohio St. 77, approved and followed.)"

See, also, *Stone* v. *Stephens,* 92 Ohio App. 53; *Hergenrather* v. *State Mutual Life Assurance Co.,* 79 Ohio App. 116; *Valentine* v. *Van Schoyck,* 19 Ohio Law Abs. 525; 30 Ohio Jurisprudence 2d 318, Insurance, Section 329.

Thus, it is clear that if Ohio law is applicable in this case Shirley N. Kelly is entitled to the proceeds of this insurance policy.

However, plaintiff contends that, since Shirley N. Kelly was domiciled in Ontario, Canada, at the time of the death of Clement A. Kelly, her right to the proceeds of this insurance policy is governed by the law of Ontario, Canada, and that under the law of Ontario, Canada, she is not entitled to the proceeds of this insurance policy.

The only reported case in Ohio we could find that had any relevancy to this case is *Knights Templars & Masonic Mutual Aid Assn.* v. *Greene,* 79 F. 461, which was decided by the U. S. Circuit Court for Ohio in 1897, and which arose out of an insurance policy issued in Ohio but payable to the heirs of the insured, who were domiciled in New York, and all the possible beneficiaries of the policy lived in New York. The issue in the *Knights Templars case* was whether Ohio law or New York law

governed the designation of the heirs of the insured, and the court held that New York law was applicable.

The *Knights Templars case* is not exactly in point with the instant case, because both the insured and the beneficiaries were domiciled in New York; however, the court pointed out that the insurance contract was made in New York and should be construed by New York law. Furthermore, the court was concerned with the intent of the insured, and, at page 465, stated as follows:

"* * * Subject to the limitation of the statute, the construction of the language of the designation becomes solely a matter of determining the intent of the insured. In other words, the language is to be treated as of a testamentary character, and is to receive, as nearly as possible, the same construction as if used in a will under the same circumstances. * * *"

In 29 American Jurisprudence 458-459, Insurance, Section 44, it is stated as follows:

"The law of the state in which a contract of life insurance is entered into and where the insured resides at the time it is made governs as to the respective rights of his creditors and beneficiaries, rather than the law of another state in which the beneficiaries reside, * * *."

See 15A Corpus Juris Secundum 522, Conflict of Laws, Section 21(2).

In the case of *New England Mutual Life Ins. Co.* v. *Spence* (C. C. A. 2, N. Y.), 104 F. 2d 665, 125 A. L. R. 1281, a husband obtained a life insurance policy in Buffalo, New York, and designated his wife as beneficiary. They moved to Texas, where they were divorced. The wife returned to Buffalo, New York, and remarried. The husband remarried and then died in Texas without changing the beneficiary on his insurance policy. Under New York law the first wife would be entitled to the proceeds of the insurance policy, but under Texas law the divorce would extinguish the interest of the first wife in the proceeds of the insurance policy. The court held that the law of Texas was applicable.

In the case of *Roberts* v. *Winton*, 100 Tenn. 484, 45 S. W. 673, 41 L. R. A. 275, a single man obtained a life insurance

policy in Birmingham, Alabama, and named his parents, who lived in Tennessee, as beneficiaries. The insured died, and the proceeds of the insurance policy were paid to his parents in Tennessee. The insured was insolvent, and his creditors sued insured's parents in Tennessee for the proceeds of the insurance policy. The court held that the applicable law was that of Alabama, because Alabama was both the place where the insurance contract was entered into and where the insured resided at the time it was made.

Plaintiff cites as authority for his position the case of *McGrew* v. *Mutual Life Ins. Co.*, 132 Cal. 85, 64 P. 103, 84 Am. St. Rep. 20, where the third paragraph of the headnotes in 64 P. 103 is as follows:

"Plaintiff was served with process in a divorce action in Hawaii, brought by her husband's guardian, on the ground of adultery, and appeared therein by attorney, but before judgment removed to California to make it her permanent home. The judgment was merely a decree for divorce, and did not deal with property rights; but a statute of Hawaii provided that, when a divorce was decreed for the adultery of the wife, the husband should hold her personal estate forever. *Held*, in an action in California on a policy of insurance on her husband's life, payable to plaintiff, that she was entitled to recover, since, as she was domiciled in California at the time of the judgment for divorce, the statute of Hawaii had no operation on her or her personal property."

The *McGrew case* applied the law of the domicile of the beneficiary rather than the law of the domicile of the insured. Our research indicates that this is the minority view on this issue, and we prefer the majority view that the law of the state in which a contract of life insurance is entered into and where the insured resides at the time it is made governs as to the rights of beneficiaries, rather than the law of another state or foreign country in which the beneficiaries reside.

We must affirm the judgment of the trial court for the additional reason that the law of Ontario, Canada, is not properly before this court for consideration.

The first paragraph of the syllabus of *Evans* v. *Reynolds*, 32 Ohio St. 163, is as follows:

"Judicial notice can not be taken, on the trial of a case, of the statutes of a foreign country. When relied on, they must be proved by competent evidence, like any other fact material to the case. Nor can they be regarded by a reviewing court, when not made part of the record of the case sought to be reviewed."

See *Olijan* v. *Lublin,* 143 Ohio St. 417; Section 2317.46, Revised Code; and 21 Ohio Jurisprudence 2d 51, Evidence, Section 36.

The first two paragraphs of the syllabus of *Erie Rd. Co.* v. *Welsh,* 89 Ohio St. 81, are as follows:

"1. In the courts of this state the presumption obtains that the law of the forum controls the rights of the parties to the litigation.

"2. Where it is claimed by either party that the law of another state or of the United States applies to the exclusion of the law of the forum, the facts upon which such claim is based must be pleaded."

The first paragraph of the syllabus of *Mendelson* v. *Mendelson,* 123 Ohio St. 11, is as follows:

"In the absence of pleading and proof to the contrary the presumption obtains that the law of the place where a contract was executed is the same as the law where enforcement thereof is sought."

See 9 Ohio Jurisprudence 2d 672, Conflict of Laws, Section 15.

The method of proving the written or unwritten law of a foreign country is provided for by Sections 2317.08 and 2317.09, Revised Code. See 9 Ohio Jurisprudence 2d 671, Conflict of Laws, Section 14.

In this case, plaintiff neither pleaded the law of Ontario, Canada, in his petition nor presented any evidence of such law at the trial of this case. He did cite a statute and court decisions of Ontario, Canada, in his briefs and in his argument before the trial court; however, this does not properly bring either the statute or court decisons of Ontario, Canada, before this court.

*Judgment affirmed.*

Jones, P. J., and O'Neill, J., concur.