(673 P.2d 460)
No. 55,497

PEGGY LORENCE, formerly Peggy Jones, *Appellant,* v. FARMERS
ALLIANCE MUTUAL INS. CO., *Appellee.*

Opinion filed
December 22, 1983.

*M. John Carpenter* and *Joel B. Jackson,* of Great Bend, for the appellant.
*Tom Berscheidt,* of Ward & Berscheidt, of Great Bend, for the appellee.

Before SPENCER, P.J., JEROME HARMAN, C.J. Retired, assigned, and
STEVEN P. FLOOD, District Judge, assigned.

HARMAN, C.J. Retired: Appellant Peggy Lorence, formerly
Peggy Jones, brings for review a judgment denying her recovery
under a homeowners fire insurance policy for her burned per-
sonal property. Not being a named insured in the policy nor the
insured's spouse at the time of the loss, she presents several
theories why the insurer should pay her loss.

On November 5, 1979, appellant Peggy filed for divorce from
her then husband, John Jones. On January 23, 1980, appellant
and John signed a property settlement agreement. They agreed
that John Jones would receive the Jewell County house but that
the personal property in the house was appellant's. On January
30, 1980, John bought a homeowners fire insurance policy from

appellee Farmers Alliance Mutual Insurance Company, which had not carried the just-expired insurance on the property. The policy provided $22,000 coverage for the Jewell County house and another $11,000 for unscheduled personal property in the house. John Jones was the only insured named but the general conditions of the policy included a resident spouse within the definition of the term "insured."

The ensuing divorce decree, filed February 6, 1980, approved and incorporated the property settlement agreement. At the insistence of John Jones, according to appellant (although she gave contradictory testimony on this), she continued to live in the house, taking care of cattle while John was selling them one by one from there.

On May 25, 1980, fire destroyed the house and its contents. Appellee Farmers paid John Jones $22,000 for the house and also $491.50 for his personal property in the house, but it denied appellant's claim for her personal property which was in the house on the ground she was not an insured party. This suit resulted.

The case was submitted to the trial court on an agreed statement of facts, depositions and exhibits. The trial court entered judgment for Farmers on the ground appellant had failed to prove John Jones intended to provide or assign any insurance coverage to her, and it denied a motion for reconsideration on the theory of constructive trust to prevent appellee's unjust enrichment.

The named insured in the policy was John Jones but the policy also defined the term "insured" to include a resident spouse.

"The test to be applied in determining the intention of the parties to an insurance policy is not what the insurer intended the policy to mean, but what a reasonable person in the position of the insured would understand it to mean." *American Media, Inc. v. Homes Indemnity Co.,* 232 Kan. 737, Syl. ¶ 6, 658 P.2d 1015 (1983).

John Jones bought the policy, from a company different than that which had been carrying coverage on the property, one week after signing the property settlement agreement which gave him the house and appellant its contents. The policy was in John's name alone. Only a standard clause that included a resident spouse as an insured party provided any coverage to appellant. Had John intended to provide any coverage for ap-

pellant at this point in time so close to the granting of the divorce, he surely would have named her as a beneficiary (actually the policy was taken out only one week before the divorce was granted). We see nothing in the record pointing to any other conclusion.

Spouses specifically named as beneficiaries in life insurance policies remain beneficiaries after a divorce. *Matthews v. Matthews*, 163 Kan. 755, 760, 186 P.2d 233 (1947). The courts, however, have distinguished between persons specifically named and those designated only by their status as spouse. See *Federal Life Ins. Co. v. Tietsort*, 131 F.2d 448, 449 (7th Cir. 1942); *Aetna Life Insurance Company v. Harley*, 365 F. Supp. 1210, 1212, n. 1 (N.D. Ga. 1973). A person's status is subject to change. A spouse not specifically named but designated only as "husband" or "wife" does not remain a beneficiary after a divorce. 44 Am. Jur. 2d, Insurance § 1732, p. 715.

Appellant contends John intended to assign to her coverage on her property within the burned house but she offers no cogent argument. There simply was no assignment even attempted to be made. The property agreement was completely silent on insurance. It did recite complete satisfaction of all mutual obligations. Although John may have used appellant's money or even given her some slight reason to believe her property might be insured, such conduct does not show intent to assign insurance coverage. The policy did provide that no assignment shall be valid without written consent of the company — a point we need not reach.

Appellant asserts a constructive trust existed because of unjust enrichment. She says appellee accepted premiums for insuring personal property but refused to pay for its loss. The form of policy Jones purchased covered personal property up to 50 percent of the value of the house. Appellee paid Jones for loss of the house and $491.50 for his personal property destroyed. After the divorce he was the only insured party. Appellee was not unjustly enriched.

Finally, appellant would have a constructive trust against appellee in her favor because Jones led her to believe her property was insured and would not permit her to remove it. Without laboring the details, the evidence is disputed as to this but in no event should appellee pay appellant because she may have been misled by any actions of her former husband.

Judgment affirmed.