Maxine CHRISTENSEN, Petitioner,

v.

Barbara R. Christensen
SABAD, Respondent.

No. 88SC46.

Supreme Court of Colorado,
En Banc.

April 17, 1989.

Hochstadt, Straw & Strauss, P.C., Richard S. Strauss, Denver, for petitioner.

Richard M. Huckeby, Denver, for respondent.

ERICKSON, Justice.

Petitioner sought a writ of certiorari to review the unpublished court of appeals decision in *Christensen v. Sabad*, No. 86CA1326 (Colo.App. Dec. 10, 1987), affirming the trial court's holding that respondent was entitled to the proceeds of decedent's life insurance policy. We granted certiorari and now affirm.

## I.

This dispute centers around a $60,000 life insurance policy owned by decedent Joseph J. Christensen. Christensen maintained a life insurance policy and a profit sharing plan designating "Barbara R. Christensen, Wife," who is the respondent in this case, as the policy's and plan's beneficiary. In November 1979, the Christensens dissolved their marriage. As part of the dissolution they entered into a property settlement agreement which provided in part that "[e]ach party is awarded their own personal effects, savings or checking accounts, bonds, and retirement benefits." After the divorce was final, the decedent executed a change of beneficiary for his profit sharing plan, naming his four children as beneficiaries. No similar change was made with regard to the decedent's insurance policy.

In 1980, the respondent remarried. In September 1982 the decedent married the petitioner, Maxine Christensen. Less than a year later, the decedent died intestate, leaving the petitioner as the surviving spouse. It is undisputed that the decedent did not change the designated beneficiary of the life insurance policy prior to his death. Approximately one month after the decedent died, the respondent entered into an agreement with the decedent's four surviving children whereby the respondent would apply for the insurance proceeds and equally divide whatever amount she received with the children.[1]

In September 1984, the petitioner filed a declaratory judgment action in the Denver District Court seeking a determination of her and the respondent's respective rights to the policy proceeds. The petitioner claimed that since the decedent died intestate, she was entitled to receive the entire policy proceeds "as the surviving spouse of the decedent." Respondent's answer alleged that she was entitled to receive the policy proceeds subject to her agreement with the decedent's children because she was the named beneficiary of the policy. Respondent filed a motion for summary judgment, arguing that she was entitled to the policy proceeds as a matter of law. The trial court granted respondent's motion, noting that under *Mullenax v. National Reserve Life Insurance Co.*, 29 Colo.App. 418, 485 P.2d 137 (1971), a divorce decree does not divest a spouse of her expectancy as a beneficiary absent an express provision otherwise. Because the property settlement agreement entered into between decedent and respondent divided only the parties' "personal effects, savings or checking accounts, bonds, and retirement benefits," it was not considered to be specific enough to extinguish her expectancy as beneficiary. Accordingly, the trial court ordered that the policy proceeds be awarded *"in toto"* to the respondent.

The petitioner appealed, arguing in part that the trial court mistakenly applied *Mullenax* rather than *In re Estate of McEndaffer*, 192 Colo. 431, 560 P.2d 87 (1977), and that under *McEndaffer* any expectancy respondent had as beneficiary was extinguished by the divorce decree. Alternatively, the petitioner asserted that since the respondent would not be entitled under section 15–11–802, 6B C.R.S. (1978), of the

---

1. The agreement, signed by Barbara Ruth Sabad, previously Barbara Ruth Christensen, and the four children of the decedent, Sandra Graeff, Evelyn Webb, Barbara Severidt, and Lawrence Christensen, was entered on November 10, 1983, and provides in part that:

WHEREAS, it was the intent of JOSEPH JAMES CHRISTENSEN, that his children participate in the proceeds of said insurance policies in the event of his death; and

WHEREAS, it is the desire of the parties to effectuate his express desires;

NOW, THEREFORE, the parties have agreed as follows:

1. BARBARA RUTH CHRISTENSEN shall make application to said employer for said insurance proceeds, which are in the approximate sum of $60,000.00, and said children shall support said application as beneficiaries under said policies.

2. It is agreed between the parties that after payment to BARBARA RUTH CHRISTENSEN of said proceeds of insurance that said proceeds shall be divided equally between herself and the four surviving children of JOSEPH JAMES CHRISTENSEN, deceased.

Although the record is unclear, it appears from the pleadings that the decedent's children were from a marriage prior to his marriage to the respondent. The record indicates that each party to this agreement was to receive one-fifth of the proceeds paid by the insurance carrier.

Colorado Probate Code,[2] to the proceeds had she been named as a beneficiary of the decedent's will rather than the insurance policy, to allow her to recover merely because she was a beneficiary of the decedent's insurance policy violated equal protection of the laws. Additionally, petitioner argued that because the policy identified its beneficiary as "Barbara R. Christensen, Wife," the respondent could not recover the proceeds because at the time of the decedent's death she was not the decedent's "wife," but in fact had been divorced from the decedent for approximately four years.

The court of appeals affirmed in an unpublished opinion. The court of appeals, relying upon *Mullenax* and *National Western Life Insurance Co. v. Schmeh*, 749 P.2d 974 (Colo.App.1987), *rev'd, Napper v. Schmeh*, 773 P.2d 531 (Colo.1989), concluded that the trial court had not erred in awarding the policy proceeds to the respondent. The petitioner sought, and we granted, a writ of certiorari to consider the same issues the petitioner raised before the court of appeals.

## II.

### A.

 We first consider what effect the property settlement agreement entered into by the decedent and respondent had upon the respondent's expectancy as named beneficiary of the policy. As we stated in a similar case announced today, *Napper v. Schmeh*, 773 P.2d 531 (Colo. 1989), the general rule is that a divorce decree does not automatically terminate a spouse's expectancy as named beneficiary of a life insurance policy. *See In re Estate of McEndaffer*, 192 Colo. 431, 560 P.2d 87 (1977); *Mullenax v. National Reserve Life Ins. Co.*, 29 Colo.App. 418, 485 P.2d 137 (1971). Rather, the divorce decree must contain a clear manifestation that the parties intended that the spouse's beneficiary expectancy be extinguished. *See McEndaffer*, 192 Colo. 431, 560 P.2d 87 (1977). This manifestation can take the form of

either an express renunciation of the expectancy as beneficiary or other language which unmistakenly evidences an intent to waive the expectancy. *Id.* Because the separation agreement in this case does not contain an express renunciation, we review the language of the entire separation agreement to determine whether the parties intended that the respondent's expectancy as beneficiary be terminated. *Napper v. Schmeh*, 773 P.2d 531 (Colo.1989).

In *Napper*, we held that a settlement agreement providing that "[u]pon entry of final decree of dissolution each of the parties will be the sole and only owners of their respective life insurance policies, and each waives any interest in said policies," clearly indicated that a wife intended to extinguish her expectancy as beneficiary in her husband's life insurance policy. Consequently, an express renunciation was not needed to terminate the wife's expectancy in the policy proceeds. We noted, however, that when the agreement neither "clearly manifests an intent that a party waive its expectancy as beneficiary of an insurance nor specially lists insurance as property being divided by the agreement," we will require an express renunciation before extinguishing a beneficiary's expectancy in a life insurance policy. *Id.*

 In the present case the only language contained in the separation agreement which could be construed as a renunciation of respondent's expectancy as beneficiary is the provision that "[e]ach party is awarded their own personal effects, savings or checking accounts, bonds, and retirement benefits." Guided by our interpretation of the *Napper* separation agreement, we conclude that this language does not clearly indicate that the decedent and respondent intended that her expectancy as beneficiary of the policy be terminated. Accordingly, we find that the marital property separation agreement entered into by the decedent and respondent did not extinguish the respondent's expectancy as beneficiary of the policy.

**2.** §§ 15–10–101 to 15–17–101, 6B C.R.S. (1987 & 1988 Supp.).

## B.

◼ The next issue is petitioner's equal protection of the laws argument. The petitioner argues that if the decedent had attempted to bequeath property to "Barbara R. Christensen, Wife" by will, section 15–11–802 would prevent her from taking any of the property. To allow the respondent to take merely because she was named as a beneficiary of the policy rather than as surviving spouse in a will is claimed to violate equal protection of the law. Section 15–11–802 prohibits an ex-spouse from taking property left to a "surviving spouse." [3] As such, petitioner's argument assumes that the terms "Barbara R. Christensen, Wife" is identical to "surviving spouse" for purposes of the statute. We disagree. Section 15–11–802 in no way limits a testator's authority to bequeath property to a person by name, whether that person is a former spouse or not. What the statute does prevent is a former spouse from taking property which the decedent has expressly devised to the "surviving spouse." Thus, where a decedent has bequeathed property to a "surviving spouse" by specifically using the term "surviving spouse," section 15–11–802 bars the former spouse from taking that property.

In the present case, however, the decedent did not list the beneficiary of his insurance policy as his "surviving spouse," but as "Barbara R. Christensen, Wife." In our view, the designation of respondent by her given name rather than by the label "surviving spouse" renders section 15–11–802, and consequently the equal protection of the laws argument, inapplicable. To hold otherwise would impose an unlawful restraint on a testator's right to alienate property as he or she deems proper.

## C.

◼ Petitioner also contends that since the policy designated "Barbara R. Christensen, Wife" as beneficiary, the respondent was not entitled to the proceeds since she was not the decedent's wife at the time of his death. Petitioner's argument misapprehends the effect the term "wife" has when it is appended to a given name.

While Colorado has not considered this issue, a review of other jurisdictions reveals that the majority rule is that the term "wife," when following the beneficiary's given name, is a term of description rather than limitation and does not require the beneficiary to be the decedent's wife at the time of the decedent's death.[4] This rule applies so long as the beneficiary was in fact the insured's wife at the time she was

---

3. Section 15–11–802(1), 6B C.R.S. (1987), provides:

> A person who is divorced from the decedent or whose marriage to the decedent has been annulled is not a surviving spouse unless, by virtue of the subsequent marriage, he is married to the decedent at the time of death.

4. See, e.g., Travelers Ins. Co. v. Fields, 451 F.2d 1292 (6th Cir.1971) (under Ohio law, the term "wife" when appended to the beneficiary's given name is merely descriptive); cert. denied, 406 U.S. 919, 92 S.Ct. 1772, 32 L.Ed.2d 118 (1972); Federal Life Ins. Co. v. Tietsort, 131 F.2d 448 (7th Cir.1942) (fact that divorcee was no longer wife of insured at time of insured's death would not prevent her from taking insurance proceeds, since the term "wife" in policy would obviously not be a condition of designation, but would be merely descriptive of particular person named); cert. denied, 318 U.S. 768, 63 S.Ct. 762, 87 L.Ed. 1139 (1943); Pate v. Citizens & Southern Nat'l Bank, 203 Ga. 442, 47 S.E.2d 277 (1948) (where beneficiary is designated as "Audrey McKeown Pate, wife of the insured," the term "wife of the insured" is not a term of limitation but one of

description); American Health & Life Ins. Co. v. Binford, 511 So.2d 1250 (La.App.2d Cir.1987) (description in life insurance policy of beneficiary as "wife" was merely a showing of relationship which existed at time of contract's execution, and did not bar ex-spouse from taking under policy); Daugherty v. Wickes Corp., 9 Mich.App. 305, 156 N.W.2d 581 (1967) (term "wife" in beneficiary designation is descriptive only, unless the context clearly indicates otherwise, so that termination of beneficiary's status as wife does not destroy her right to insurance proceeds); Stanford v. Union Labor Life Ins. Co., 74 Misc.2d 781, 345 N.Y.S.2d 928 (1973) (where beneficiary of life insurance policy was designated by name and was insured's wife when policy was issued, she was entitled to policy proceeds even though she was also designated as "wife"); Modarelli v. Midland Mut. Ins. Co., 10 Ohio App.2d 115, 226 N.E.2d 137 (1967) (ex-wife of insured was entitled to policy proceeds where she was the named beneficiary, notwithstanding policy designation of her as "wife").

designated as beneficiary,[5] her given name preceded the term "wife," [6] and the context of the case indicates that the term "wife" is descriptive only.[7] We agree with the majority rule and hold that unless the circumstances of the case indicate that the parties intended otherwise, the term "wife" following identification by a given name does not bar a former spouse from receiving insurance proceeds. Thus the fact that the term "wife" was attached to the respondent's name does not bar her from receiving the policy proceeds.

Accordingly, we affirm the judgment of the court of appeals.

QUINN, C.J., does not participate.

---

**5.** See Modarelli v. Midland Mut. Ins. Co., 10 Ohio App.2d 115, 226 N.E.2d 137 (1967).

**6.** See Lorence v. Farmers Alliance Mut. Ins. Co., 9 Kan.App.2d 112, 673 P.2d 460 (1983).

**7.** See Daugherty v. Wickes Corp., 9 Mich.App. 305, 156 N.W.2d 581 (1969).